STATE of Wisconsin, Plaintiff-Respondent,

v.

Pervan Zeb SMITH, Defendant-Appellant.

Supreme Court

*Nos. 82-377-CR, 82-891-CR. Argued June 2, 1983.—Decided July 1, 1983.*

(Also reported in 335 N.W.2d 376.)

For the defendant-appellant there was a brief by *Micaela H. Levine, Terry E. Mitchell* and *Calvey & Mitchell, S.C.,* Milwaukee, and oral argument by *Ms. Levine.*

For the plaintiff-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J. This matter is before us on a petition to bypass the court of appeals. The defendant appealed *to the court of appeals* from a commitment order *after being found not guilty by reason of mental disease or defect,*[1] an order denying post-conviction relief, sec. 974.02, Stats. 1981–82,[2] and an order recommitting the defendant on defendants' petition for reexamination pursuant to sec. 971.17(2), 1981–82.[3] The state, relying on *Hoppenrath v. State,* 97 Wis. 2d 449, 293 N.W.2d 910 (1980), moved to dismiss the appeal on jurisdictional grounds. The defendant then petitioned to bypass the court of appeals, secs. 808.05(1), 809.60, 1981–82, and the state supported defendant's petition. We granted the petition to bypass for the limited purpose of reexamining this court's decision in *Hoppenrath v. State,* 97 Wis. 2d 449, 293 N.W.2d 910 (1980).

Both the state and the defendant urge this court to reconsider *Hoppenrath.* Both the state and the defendant maintain that *Hoppenrath's* holding is wrong insofar as it denies a defendant appellate review of possible errors occurring in the guilt phase of a trifurcated trial when the defendant pleads not guilty (thereby contesting the issue of guilt) and not guilty by reason of mental disease or defect and the defendant appeals from the final order of commitment. While the state urges us to reconstrue our holding in *Hoppenrath* and overrule it only to the extent that *Hoppenrath* would govern the facts of this case, the defendant goes further than the state and urges this court to overrule the *Hoppenrath*

---

[1] Milwaukee County Circuit Court, Frederick P. Kessler, Circuit Judge.

[2] The postconviction relief was a motion for a new trial. Milwaukee County Circuit Court, Clarence R. Parrish, Circuit Judge.

[3] Milwaukee County Circuit Court, Clarence R. Parrish, Circuit Judge.

decision entirely. We have been persuaded to overrule *Hoppenrath* entirely.

The facts relating to the jurisdictional issue which is presented to this court are undisputed.[4]

The defendant was charged with battery and first degree murder. He entered a plea of not guilty and not guilty by reason of mental disease or defect. Prior to

---

[4] The defendant's brief summarizes the underlying facts as follows: On or about May 5, 1979, Helen Lows was found dead in her home at 2371 North Hubbard Street, Milwaukee, Wisconsin. The police started their investigation of this murder by focusing on evidence stemming from a yet unsolved battery complaint which Ms. Lows had made on or about April 15, 1979. On the basis of evidence of this alleged battery, the police arrested the defendant for battery without a warrant in his home on May 7, 1979, at approximately 9 p.m. After interrogation, the defendant confessed to both battery and murder of Helen Lows.

The defendant was charged with first degree murder and battery, a preliminary examination was conducted, the defendant was bound over for trial, and on May 21, 1979, he entered a plea of not guilty and not guilty by reason of mental disease or defect.

The defendant filed numerous motions, and on November 15, 1979, a *"Miranda/Goodchild"* hearing was held. The defense presented medical evidence in an attempt to document that the defendant had a history of mental illness. On January 2, 1980, defendant's *"Miranda/Goodchild"* motion was denied.

On March 11, 1980, the defendant's jury trial began and on March 21, 1980, he was found guilty of the crimes charged in phase one of his trifurcated trial. On May 29, 1980, subsequent to the defendant's commitment to Central State Hospital, David Van Dyke was arrested on six counts of first degree murder, one count attempted first degree murder, and one count armed robbery. Van Dyke was tried and convicted on all charges. The defendant's brief asserts that the modus operandi in Van Dyke's crimes bore a striking resemblance to the murder of Helen Lows for which the defendant had been found guilty, that the people Van Dyke killed had prior contact with him, that Helen Lows had contact with a black male prior to her death who fit the description of David Van Dyke and not the defendant, and that all of Van Dyke's crimes, as well as the murder of Helen Lows, happened within a few blocks of each other.

trial the defendant moved to suppress his oral statements and to dismiss the action because his arrest was illegal. The circuit court denied those motions.

Following the first phase of the trifurcated trial, a jury found the defendant guilty of both crimes charged. The defendant waived the jury as to phases two and three. In phase two of the trial, the circuit court found that the defendant lacked the capacity to appreciate the wrongfulness of his acts or to conform his actions to law. In phase three, the circuit court found the defendant to be a danger to the community and committed him to the Department of Health and Social Services, Central State Hospital.

The defendant sought review of alleged errors committed during the guilt phase of the trial by filing a motion for a new trial. The defendant contended that a new trial should be granted on the following grounds: (1) newly discovered evidence indicates someone else committed the crimes; (2) the circuit court erred in denying his motions to suppress and dismiss; (3) the circuit court erred in instructing the jury that a defense witness was unavailable due to incompetency; (4) evidence was not disclosed; and (5) the interests of justice require a new trial. The circuit court, citing this court's decision in *State v. Hoppenrath,* 97 Wis. 2d 449, 293 N.W.2d 910 (1980), denied the motion on the ground that it lacked jurisdiction to hear matters relating to the guilt phase of the trial. The circuit court ordered the defendant recommitted upon the defendant's petition for reexamination.

The defendant appealed to the court of appeals from the original order of commitment, the order denying post-conviction relief, and the order of recommitment. The court of appeals consolidated these appeals. The issues raised on appeal relate to the alleged errors in the guilt phase of the trifurcated trial which were raised in

the defendant's motion for post-conviction relief. This court granted direct review.

We begin our discussion by summarizing the *Hoppenrath* decision. In *Hoppenrath*, the defendant plead guilty and not guilty by reason of mental disease or defect after the trial court had denied his motion to suppress evidence.[5] After the defendant was found not guilty by reason of mental disease or defect and was ordered committed, he sought review of the trial court's order denying his motion to suppress. The court concluded in *Hoppenrath* that an appellate court had no jurisdiction to review an order denying a motion for suppression entered in the underlying criminal proceeding when the defendant is found not guilty by reason of mental disease or defect and is ordered committed. The *Hoppenrath court* apparently reasoned as follows: The defendant can not challenge the order denying suppression of evidence on appeal from a finding of not guilty by reason of mental disease or defect, because such a finding is not equivalent to a judgment of conviction and the defendant is not "aggrieved" by such a finding; the defendant can not challenge the order denying suppression of evidence on appeal from the commitment order, because the commitment order is wholly separate and independent from the underlying criminal proceeding in which the suppression order arose and an appeal from the commitment order does not bring up issues raised in the separate guilt proceeding. *Hoppenrath,* supra, 97 Wis. 2d at 462.

Although *Hoppenrath* involved a guilty plea, in conjunction with a plea of not guilty by reason of mental disease or defect, this court, as both the state and defendant recognize, did not limit its language or reasoning to that fact situation. The *Hoppenrath* holding is

---

[5] For a discussion of the plea and the admission of guilt *see Hoppenrath v. State, supra,* 97 Wis. 2d at 465 and n. 3.

applicable to a case in which the defendant contests guilt (pleads both not guilty and not guilty by reason of mental disease or defect), is found guilty and not guilty by reason of mental disease or defect, and is committed. Thus *Hoppenrath* can be read to govern the situation presented in this case.

The state and the defendant agree that this court should, at a minimum, limit *Hoppenrath* so that it does not apply to defendants who have contested the issue of guilt and who are found not guilty by reason of mental disease or defect. The state explains its position in this case as follows:

"[I]t is the State's position that *Hoppenrath* erroneously denies review of alleged errors occurring in the guilt phase of a trifurcated trial where the defendant has, in fact, contested the issue of guilt. . . . The state acknowledges that its earlier position, especially at oral argument in *Hoppenrath,* was not entirely consistent with its position in the instant case. However, the analysis proffered in the dissenting opinion in *Hoppenrath* and careful reflection have lead us to conclude that we must ask the court to modify the approach taken in Hoppenrath." State's Memorandum, p. 5.

The state's position in this case is consistent with the position the state took immediately after the *Hoppenrath* decision was announced when the state supported Hoppenrath's motion to reconsider that decision. The state's memorandum in support of reconsideration of *Hoppenrath* explained its position as follows:

"The state reluctantly asks the Court to modify its opinion. We won this case and certainly, at least at oral argument, proffered arguments not entirely inconsistent with some of the points which we now ask the Court to rethink. Yet, the dissenting opinion and careful reflection has led us to the conclusion that we must ask the Court to modify its opinion." Response to Motion for Reconsideration, in *State v. Hoppenrath,* Case. No. 78–433–CR, note 1 at p. 2.

In the appeal in the case at bar, both the state and the defendant assert that the *Hoppenrath* court erred in concluding that a defendant is not aggrieved by a finding of not guilty by reason of mental disease or defect and in concluding that the guilt phase of the criminal commitment procedure has no legal or practical significance. *Hoppenrath,* 97 Wis. 2d at 461. In contrast to the court's view in *Hoppenrath* that the criminal commitment procedure differs from a civil commitment proceeding only insofar as the criminal commitment is not triggered by a petition, the parties conclude that the guilt phase of the trifurcated trial is significant to the commitment proceedings. The state "respectfully suggests that *State v. Gebarski,* 90 Wis. 2d 754, [769–73], 280 N.W.2d 672 (1979), concluded that criminal and civil commitments are quite dissimilar in legal effect." State's memorandum, p. 14. The state further asserts that "civil and criminal commitment proceedings are dissimilar in practical effect as well." The state contends that the facts of the crime play a significant role in both commitment and recommitment proceedings, and the state's brief explains the legal and practical effect of the guilt phase on commitment and recommitment as follows:

"In most trials it is safe to assume that the facts of the crime are not relitigated after the guilt phase of the trial; rather, the finding of guilty effectively constitutes the predicate required for commitment as presently in need of institutionalization, *i.e.,* of 'dangerousness.' Certainly the expert witnesses on both sides will allude to the facts of the crime, but the state will not reintroduce the evidence already introduced. If guilt-phase error has affected the integrity of the fact-finding process it is unfair to insulate the guilt finding from appellate review when that finding will clearly influence the same trier of fact which is to decide if the defendant is in need of institutionalization. The fact of the crime and proof of prior dangerousness will, as a practical matter,

surely also affect findings of continued dangerousness as reexamination proceedings.

" . . .

"In addition, the finding that the defendant committed a particular crime, even though he is not legally responsible due to mental illness, has a practical effect on the length of time he is subject to commitment as a result of the criminal proceedings against him. Section 971.17 (4), Stats., provides that the defendant must be discharged at the end of the maximum period for which he could have been imprisoned for the crime, unless civil commitment proceedings under ch. 51 are instituted. If error was committed at the guilt phase of the trifurcated trial which involves, for example, the degree of the crime committed, that error will directly impact on the defendant's commitment period. *Cf., People v. Pollard,* 176 Cal. Rptr. 726 (Cal. App. 1981).

"The insanity acquittee is committed because he was found to have committed a crime while not responsible due to mental disease or defect following a criminal trial and has been found to be presently mentally ill and in need of institutionalized treatment. The insanity acquittee is in a different class from persons involuntarily civilly committed. The finding that the defendant committed the crime which precedes the finding of not guilty by reason of mental disease or defect has an actual and practical effect on whether the defendant will be committed and influences the length of commitment. The commitment is not independent from the criminal trial in either a legal or a practical sense." (State's memorandum, pp. 14, 15, 17, 18. Notes omitted.)

We are persuaded by the state's arguments.

The state and the defendant also assert, and we agree, that the *Hoppenrath* court erred in concluding that the commitment proceeding is a separate proceeding from the guilt phase and that orders entered in the guilt phase of the trial are not intermediate orders brought before the appellate court for review on appeal from the commitment order.

Citing sec. 971.175, Stats. 1981–82 (which refers to the trifurcated trial as a continuous trial),[6] *State ex rel.*

---

[6] Sec. 971.175, Stats. 1981–82, provides:

*Kovach v. Schubert,* 64 Wis. 2d 612, 219 N.W.2d 341 (1974), and *State v. Gebarski,* 90 Wis. 2d 754, 769–73, 280 N.W.2d 672 (1979), the parties urge this court to modify *Hoppenrath* to hold that the trifurcated trial is one "continuous trial," that the commitment order is the final order disposing of the entire litigation and is appealable as a matter of right under sec. 808.03(1), 1981–82,[7] and that an appeal of the commitment order brings before the appellate court erroneous nonfinal rulings and orders in the guilt phase under sec. 809.10(4), 1981–82.[8] The parties note that treating each phase of the

"971.175 **Sequential order of proof.** When a defendant couples a plea of not guilty with a plea of not guilty by reason of mental disease or defect, there shall be a separation of the issues with a sequential order of proof before the same jury in a continuous trial. The guilt issue shall be heard first and then the issue of the defendant's mental responsibility. The jury shall be informed of the 2 pleas and that a verdict will be taken upon the plea of not guilty before the introduction of evidence on the plea of not guilty by reason of mental disease or defect. This section does not apply to cases tried before the court without a jury."

[7] Sec. 808.03(1), Stats. 1981–82, reads as follows:

"808.03 **Appeals to the court of appeals.** (1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) or a disposition recorded in docket entries in traffic regulation cases and municipal ordinance violation cases prosecuted in circuit court which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

[8] Sec. 809.10(4), Stats. 1981–82, provides:

"MATTERS REVIEWABLE. An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon."

The distinction formerly made under sec. 817.34, Stats. 1977, that intermediate orders could be reviewed on appeal from judgments,

trifurcated trial separately for purposes of appeal might create various problems. The state's brief describes the problems as follows:

"Neither a petition for leave to appeal a nonfinal order pursuant to Rule 809.50, Stats., nor a petition for a supervisory writ pursuant to Rule 809.51, Stats., is feasible where a jury is sitting as the trier of fact. What does that jury do during the pendency of such proceedings? Or is the jury to be dispersed and another later empaneled to hear the commitment phase? . . . Even if the jury were not a problem, interlocutory appellate court proceedings could delay a trial to the point of absurdity. In the absence of an appeal as a matter of right, a defendant who believes error has been committed at any point up to the end of the second stage could petition the court of appeals for interlocutory relief after every adverse ruling. Moreover, if there is no review as a matter of right, a defendant who believes that federal constitutional error has been committed may try to proceed to federal court on habeas corpus directly from a judgment of commitment, claiming an exhaustion of all available state court remedies. The end result could be that this court has permitted itself and the court of appeals to be bypassed. It is not clear that this result was intended." State's Memorandum, p. 16.

We adopt the parties' suggested modification of *Hoppenrath*. This modification is consonant with the statutory provisions for the trifurcated trial, prior case law, the statutes and rules of appellate review, and the policy underlying Wisconsin appellate practice of avoid-

but not on appeal from orders, is eradicated under the new appellate statutes and rules. *See Wick v. Mueller*, 105 Wis. 2d 191, 202–203, 313 N.W.2d 799 (1982) (Callow, J., concurring). Thus, under sec. 808.03(1), Stats. 1981–82, and sec. (Rule) 809.10(4), Stats. 1981–82, an order of commitment following a trifurcated insanity trial is appealable as of right, and on appeal from the commitment order, all underlying orders, judgments, and rulings adverse to the appellant and favorable to the respondent come before the appellate court for review.

ing piecemeal appeals and of reviewing and correcting nonfinal judgments, orders, and rulings on appeal from a final order and judgment. Applying our modification of *Hoppenrath* to this case, we hold that the defendant who was committed following a trifurcated trial on a plea of not guilty and not guilty by reason of mental disease or defect can obtain review of the guilt phase of the trial by appealing from the commitment order. The commitment order is the final disposition of the state's criminal prosecution of the defendant; an appeal from the commitment order brings before the court the nonfinal order denying suppression of evidence; the defendant in this case preserved his objection to the nonfinal order denying his motion to suppress for purposes of appeal. Because we conclude that the defendant may obtain appellate review of alleged errors in the guilt phase of the trial, we need not reach the constitutional issues raised by the defendant that a denial of appellate review would violate due process and equal protection constitutional protections.

In light of our reexamination of and modification of *Hoppenrath*, we now consider whether the *Hoppenrath* result that appellate review of the guilt phase of a trifurcated trial is barred still applies to the fact situation presented in the *Hoppenrath* case, namely, whether it applies to a defendant who loses a motion to suppress evidence, does not contest guilt when pleading not guilty by reason of mental disease or defect, is found not guilty by reason of mental disease or defect, and is committed.

The state suggests that we can salvage part of *Hoppenrath* by finding a new rationale to bar appellate review of the order denying suppression of evidence when the defendant pleads guilty in conjunction with a plea of not guilty by reason of mental disease or defect. The state suggests that such a guilty plea constitutes a waiver of right to obtain review of an order denying suppression.

The state argues that the general rule that a guilty plea waives the right to obtain review of an order denying suppression of evidence, *Foster v. State,* 70 Wis. 2d 12, 19, 20, 233 N.W.2d 411 (1975), applies in the *Hoppenrath* fact situation rather than sec. 971.31(10), Stats. 1981–82,[9] the statutory exception to the general waiver rule. Sec. 971.31(10) provides that a defendant can obtain appellate review of an order denying suppression of evidence or admitting defendant's statement, notwithstanding a guilty plea, on an appeal from a judgment of conviction. The state reasons that sec. 971.31(10) applies only to an appeal from a judgment of conviction entered in a plea of guilty and not to an appeal for a commitment order entered after a finding of not guilty by reason of mental disease or defect. Since there is no judgment of conviction in the *Hoppenrath* fact situation and the court could not enter a judgment of conviction in *Hoppenrath,* the state argues sec. 971.31(10) does not apply to save the defendant from waiver. The state made the same argument in its support of Hoppenrath's motion to reconsider the *Hoppenrath* decision.

In *Hoppenrath,* this court did not use the reasoning the state now proposes. The *Hoppenrath* court did conclude that sec. 971.31(10) applied only to "convictions," that there was no conviction in that case, and that the section did not apply. But the underlying rationale for the *Hoppenrath* court's conclusion that there was no conviction rests on its view that the finding of guilt had no practical effect on the defendant because the defendant could have been committed to an institution under a

---

[9] Sec. 971.31(10), Stats. 1981–82, provides: "An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty."

civil commitment procedure in any event. 97 Wis. 2d at
459. Since this court now recognizes its error by con-
cluding that criminal and civil commitments are not sub-
stantially the same and that a guilty finding has an ad-
verse impact on the defendant who is committed, the
rationale supporting the court's interpretation of sec.
971.31(10) in *Hoppenrath* is no longer valid.

Secs. 971.31(10) and 972.13(1)[10] could be interpreted
as the state suggests, but we believe that such an inter-
pretation would thwart the legislature's intent. We
should construe the statute to avoid thwarting the legis-
lature's intent. *State ex rel. Jackson v. Leicht,* 231
Wis. 178, 183–85, 285 N.W. 335 (1939). As the dissent-
ing justices in the *Hoppenrath* case pointed out, sec.
971.31(10) was a legislative response to this court's
holding that a guilty plea waived the right to review a
denial of a motion to suppress. *Foster v. State,* 70 Wis.
2d 12, 19, 20, 233 N.W.2d 411 (1975). The reason for
the legislative change was to encourage guilty pleas and
to reduce the number of contested trials when the only
contested issue was whether or not the denial of the
motion to suppress was proper. *See* Judicial Council
Comment to sec. 971.31(10), 42A Wis. Stats. Annot. p.
266 (1971). Thus, the dissenters concluded that the
state's proposed interpretation of sec. 971.31(10) would
contravene the legislative policy of avoiding trials when
the only contested issue is the legality of the use of the
evidence. The dissenters also concluded that the state's
proposed interpretation of sec. 971.31(10) would be in-
consistent with prior case law. 97 Wis. 2d at 469–72.

[10] Sec. 972.13(1), Stats. 1981–82, provides as follows:
"972.13 **Judgment.** (1) A judgment of conviction shall be en-
tered upon a verdict of guilty by the jury, a finding of guilty by
the court in cases where a jury is waived, or a plea of guilty or no
contest."

For these same reasons we now reject the state's suggested reinterpretation of *Hoppenrath* and its suggested interpretation of sec. 971.31(10). We conclude that the word "conviction" in sec. 971.31(10) includes a commitment on a finding of not guilty by reason of mental disease or defect. Accordingly we hold that a defendant who does not contest the commission of the acts charged and is found not guilty by reason of mental disease or defect has, pursuant to sec. 971.31(10), on appeal from a commitment order, the same rights of appellate review of an order denying a motion to suppress evidence or a motion challenging the admissibility of a statement as a defendant who appeals from a judgment of conviction.

We overrule *Hoppenrath* and adopt in its place the reasoning expressed in this and in the dissenting opinion in *Hoppenrath*.

*By the Court.*—Order of the circuit court denying motion for a new trial vacated and motion for new trial remanded to the circuit court for proceedings consistent with this opinion; appeals of the commitment and recommitment orders remanded to the court of appeals to retain jurisdiction pending the outcome of the proceedings in the circuit court.

DAY, J. *(dissenting).* I dissent. The Wisconsin State Legislature has had three years to change the statute interpreted by this court in *Hoppenrath v. State,* 97 Wis. 2d 449, 293 N.W.2d 910 (1980), on appeal rights and has not done so. The usual cannon applied is that legislative acceptance of a judicial interpretation of a statute settles the issue as to what that statute means.

This court in *Hoppenrath* held that a finding that a defendant is not guilty by reason of mental disease or defect is not a judgment of conviction and hence no right of appeal exists as to the guilt phase of a trifurcated trial.

This Court in *Hoppenrath,* 97 Wis. 2d at 456–457, pointed out:

"In addition, sec. 972.13(1), Stats., provides that a *'judgment of conviction shall be entered upon a verdict of guilty by the jury,* a *finding of guilty by the court* in cases where a jury is waived, or a *plea of guilty or no contest.'* In this case the defendant, Hoppenrath, was adjudicated to be *not guilty by reason of mental disease or defect* and was, in effect, acquitted, and thus stands unconvicted of any crime.

"Furthermore, in sec. 972.13(2), Stats., the legislature has seen fit to direct the courts that upon entering a *judgment of conviction,* the court shall either 'impose or withhold sentence and, if the defendant is not fined or imprisoned, the defendant shall be placed on probation. . . .' In this case the defendant was not sentenced to confinement, fined or placed on probation because these sentencing alternatives are only available to a court after a finding of guilty and are not available after a finding of not guilty by reason of mental disease or defect. Rather than sentencing the defendant, the trial court in compliance with the statute reviewed the evidence in order to make a finding as to whether the defendant was presently suffering from a mental disease or defect and in need of institutionalized treatment, because he was a danger to himself or to others. Only after an affirmative finding was the defendant committed." (Emphasis in original.)

Section 972.13(1) cited in *Hoppenrath* mandates the only provisions upon which a judgment of conviction may be entered. They are:

"1. when there is a verdict of guilty by the jury;

"2. when there is a finding of guilty by the court where a jury is waived;

"3. when there is a plea of guilty (if accepted by the court); and

"4. when there is a plea of no contest (if accepted by the court)." *Hoppenrath,* 97 Wis. 2d at 459.

This Court interpreted sec. 971.31(10)[1] as requiring a *judgment of conviction* before there could be an appeal. This court held that a judgment of not guilty by reason of mental disease or defect "does not constitute a judgment of conviction." *Hoppenrath*, 97 Wis. 2d at 460.

In the case before us, the right of appeal is a statutory right not a constitutional right. The statute Smith relies on is the general appeal statute.

But there is no "judgment of conviction" since Smith was found not guilty and hence no right of appeal.

This court in *State v. Jakubowski*, 61 Wis. 2d 220, 223, 212 N.W.2d 155 (1973), held:

"The right to appellate review is a statutory right and, absent a statutory provision to that effect, no appeal may be had.

" '. . . [T]his court has appellate jurisdiction only as allowed by statute, and only to the extent the statute allows. If a case appealed to this court does not come within the terms of a statute allowing such appeal, this court has no jurisdiction to do anything other than dismiss the appeal, . . .' *State v. Omernik*, 54 Wis. 2d 220, 222, 194 N.W.2d 617 (1972). *Id.* at 223." Cited with approval in *Hoppenrath*, 97 Wis. 2d at 462.

If the legislature wants to provide for an appeal from the guilt phase of a trifurcated trial in cases where a defendant is found not guilty by reason of mental disease or defect, it may do so. But it hasn't. The statute is clear and this court should follow it.

There is no right of appeal by a defendant from a judgment of acquittal following a jury finding of "not guilty" even though the trial may have been replete with the grossest errors that would have demanded reversal

---

[1] "971.31 **Motions before trial**. . . . (10) An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty."

had the finding and conviction been one of guilty. The reason is that in criminal law in this State the only right of appeal is from a judgment conviction. Smith was not convicted. He was found "not guilty" by reason of mental disease or defect.

I would affirm the court of appeals.

I am authorized to state that JUSTICES WILLIAM G. CALLOW and LOUIS J. CECI join this dissenting opinion.