COUNTY OF RACINE, Plaintiff-Respondent,

v.

Stephen V. SMITH, Defendant-Appellant.

Court of Appeals

*No. 84–994. Submitted on briefs November 7, 1984.—
Decided December 12, 1984.*
(Also reported in 362 N.W.2d 439.)

For the defendant-appellant, the cause was submitted on the brief of *William D. Whitnall*, of Racine.

For the plaintiff-respondent, the cause was submitted on the brief of *Susan Shimp Torok*, assistant corporation counsel for Racine county, of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Stephen V. Smith appeals from his conviction of operating a motor vehicle while having a blood alcohol concentration of .10% or more contrary to a county ordinance adopting sec. 346.63(1)(b), Stats. At issue is whether Smith's no contest plea to that charge constituted a waiver of his right to appeal alleged nonjurisdictional trial court errors in this civil forfeiture case. We conclude that the waiver rule applying to guilty and no contest pleas in criminal cases similarly applies in a civil forfeiture case. The exception to that rule found in sec. 971.31(10), Stats., does not apply to civil forfeiture cases, and, therefore, the appeal is dismissed.

Smith was alone in his car on a snowy evening when it left the road and struck a tree. A passing motorist took Smith to the Union Grove Fire Department. Fire department personnel alerted the Racine County Sheriff's Department.

Two deputies arrived and talked with Smith. They noted apparent confusion and disorientation, slurred speech and an odor of intoxicants. Smith admitted that he had been drinking. Concluding that street sobriety tests would not be fair because of Smith's complaints of a head and knee injury, the deputies performed tests on a portable breathalyzer. The test revealed a blood alcohol content of .17%, whereupon Smith was placed under arrest. A later test revealed a blood alcohol content of .16%.

Smith moved to dismiss on the ground that his arrest and subsequent blood alcohol test were illegally obtained through an improper and coercive preliminary breath test procedure. This argument was primarily based on the statement of one of the deputies to Smith that his license would be revoked unless he agreed to take the preliminary test. Section 343.303, Stats., on preliminary breath tests, contains no penalty for refusing a preliminary breath test.

The trial court denied the motion to dismiss, concluding that there was adequate probable cause to arrest Smith without any reliance on the preliminary breath test. At that point, Smith's attorney indicated that he would appeal, stating: "I guess we can enter a plea of no contest and appeal the court's ruling on our probable cause motion." The plea was entered and accepted, and this appeal followed.

The central issue in this appeal is whether by pleading no contest, Smith waived his right to appeal. It is well-established that a plea of guilty, knowingly and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claimed violations of constitutional rights. *State v. Riekkoff*, 112 Wis. 2d 119, 122–23, 332 N.W.2d 744, 746 (1983), citing *Hawkins v. State*, 26 Wis. 2d 443, 448, 132 N.W.2d 545, 547–48 (1965). Waiver also applies in the case of no contest pleas. *State v. Princess Cinema of Milwaukee, Inc.*, 96 Wis. 2d 646, 651, 292 N.W.2d 807, 810 (1980). The waiver does not, however, deprive an appellate court of jurisdiction to review nonjurisdictional errors in the exercise of its discretion. *Riekkoff* at 123–24, 332 N.W.2d at 747.

In response to decisions of our supreme court upholding and applying the rule that a guilty plea waives the right to review the denial of a motion to suppress, the

legislature created sec. 971.31(10), Stats.,[1] as a specific exception to the rule. *State v. Smith,* 113 Wis. 2d 497, 510, 335 N.W.2d 376, 382–83 (1983).

The reason for the legislative change was to encourage guilty pleas and to reduce the number of contested trials when the only contested issue was whether or not the denial of the motion to suppress was proper. *See* Judicial Council Comment to sec. 971.31(10), 42A Wis. Stats. Annot. p. 266 (1971).

*Id.*

Notwithstanding the fact that the legislative policy just stated would be advanced by application of sec. 971.31(10), Stats., to guilty or no contest pleas in civil cases, we conclude that the statute applies only to criminal cases. The exception is in derogation of common law and must be strictly construed. *Cobb v. Milwaukee County,* 60 Wis. 2d 99, 120, 208 N.W.2d 848, 859 (1973).

Smith's conviction for first offense operating a motor vehicle while having a blood alcohol concentration of .10% or more under sec. 346.63(1), Stats., is a civil conviction because the penalty provided in sec. 346.65(2), Stats., is a forfeiture. Sec. 939.12, Stats.

[W]hile certain procedures of criminal law have been adopted by the legislature in the prosecution of forfeitures, criminal pleading, practice and procedure should be used only to the extent that the legislature has so directed.

*State v. Peterson,* 104 Wis. 2d 616, 624, 312 N.W.2d 784, 788 (1981) (footnote omitted).

---

[1] Section 971.31(10), Stats., provides:

An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty.

The legislature has not directed that sec. 971.31(10), Stats., which is part of the criminal code, be applied to guilty or no contest pleas in civil forfeitures. It provides no defense against the application of the common law rule that such pleas constitute a waiver of nonjurisdictional defects. The extension of sec. 971.31(10) to civil forfeitures is a matter for the legislature, not this court, to consider.

Smith argues, however, that the waiver rule itself applies only in criminal cases. He asserts that there is no law which explicitly states that the waiver rule applies in civil cases and notes that there is no limitation on his right to appeal under sec. 808.03(1), Stats.

Waiver has nothing to do with Smith's right to appeal. As noted previously, jurisdictional defects may be raised on appeal as a matter of right and even nonjurisdictional issues may be reviewed if this court chooses to do so.

While we agree that there is apparently no Wisconsin authority on the applicability of the guilty plea waiver rule to civil cases, this is not altogether surprising given that one convicted of a civil forfeiture might be less likely to appeal than one convicted of a criminal offense. Furthermore, prior to 1971, a conviction under sec. 346.-63(1), Stats., could have been a criminal conviction depending on what law enforcement agency made the arrest. Only since then have such offenses been uniformly treated as civil forfeitures. *Peterson* at 621–22, 312 N.W. 2d at 786–87.

Although the differences between civil and criminal offenses are manifest and significant, we see no logical reason or need in the interests of justice to recognize this distinction when considering the effect of a guilty or no contest plea. The rationale for the waiver rule in criminal cases applies equally in civil cases. Indeed,

as criminal defendants are generally afforded more procedural rights and safeguards than civil defendants, it would be peculiar to deny application of the waiver rule to civil defendants while applying it to criminal defendants.

The idea underlying the waiver rule is that a guilty plea itself constitutes both an admission that the defendant committed past acts and a consent that a judgment of conviction be entered against him without a trial. *Brady v. United States,* 397 U.S. 742, 748 (1970). It is accepted that one may waive the right to appeal in civil cases where he has caused or induced a judgment to be entered or has consented or stipulated to the entry of a judgment. *Fox v. Kaminsky,* 239 Wis. 559, 567, 2 N.W. 2d 199, 202 (1942); *Larson v. Hanson,* 207 Wis. 485, 487–88, 242 N.W. 184, 185 (1932); 4 Am. Jur. 2d *Appeal and Error* § 243 (1962). "He cannot be heard to complain of an act to which he deliberately consents. *Consensus tollit errorem." Agnew v. Baldwin,* 136 Wis. 263, 267, 116 N.W. 641, 643 (1908).

The guilty plea waiver rule is clearly consistent with established civil law waiver principles. We hold that a voluntary and understanding guilty or no contest plea in a civil case constitutes a waiver of the right to appeal and that such a waiver occurred in this case. We decline to exercise our discretionary authority to review this waived allegation of error.

We feel compelled to note, however, that the burgeoning civil forfeiture caseloads generally, and operating under the influence cases specifically, warrant consideration by the bench, bar and legislature of an appropriate statute akin to sec. 971.31(10), Stats. We acknowledge that certain fundamental distinctions between civil forfeiture and criminal proceedings will not allow for a statute duplicative of sec. 971.31(10). Nonetheless, we should investigate appropriate methods by which to

accord standing to seek review of fundamental and important evidentiary questions while avoiding an unnecessary and protracted trial. We think it would be in the best interests of the public and the bar if the parameters of a rule similar to sec. 971.31(10) were thoroughly considered with a view towards enactment of such a statute.

Finally, Smith asks that if this court holds that his no contest plea bars his right to appeal, he be allowed to withdraw his plea. He bases this request on the fact that he pled under the mistaken assumption that his right to appeal would not be waived.

Although the record substantiates Smith's misperception of the law at the time of the plea, a challenge to the validity of the plea is not properly made for the first time in the context of an appeal to this court. *State v. Nelson,* 108 Wis. 2d 698, 701–02, 324 N.W.2d 292, 294–95 (Ct. App. 1982). While Smith's expressed statement to the trial court that he intended to appeal may go to the question of whether the plea was knowledgeably and understandingly made, the appropriate remedy is by a post-conviction motion to withdraw the plea addressed to the circuit court. *Id.*

In summary, the general rule that a guilty or no contest plea constitutes a waiver of the right to appeal applies to both civil and criminal cases. Section 971.31 (10), Stats., provides a narrow exception to that rule and has no application to civil cases. Thus, we hold that Smith's civil no contest plea constituted a waiver of his right to appeal, and the appeal must be dismissed.

*By the Court.*—Appeal dismissed.