State of Wisconsin, Plaintiff-Respondent,
v.
Joseph S. Upright, Defendant-Appellant.
No. 03-2866.
Court of Appeals of Wisconsin.
Opinion Filed: December 9, 2004.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
Joseph Upright appeals an order denying his postconviction motion brought under WIS. STAT. § 974.06 (2001-02).[1] We affirm.
¶2 After pleading guilty, Upright was convicted of three controlled substance violations. Before Upright entered his pleas, his attorney filed a suppression motion that was heard and denied by the circuit court.
¶3 The first issue is whether the circuit court properly denied the suppression motion. Like the circuit court, we have some doubt whether a defendant can use WIS. STAT. § 974.06 to argue that a circuit court improperly denied a suppression motion when the defendant then pled guilty to the charge and failed to take a direct appeal on that issue as permitted by WIS. STAT. § 971.31(10). Even if we were to conclude that the circuit court erred in denying the suppression motion, that conclusion by itself would not lead to any relief for Upright because the conviction based on his later plea would still be standing. What Upright really must do is move to withdraw his plea. However, we are not aware of any law providing that a circuit court's erroneous decision on a suppression motion is grounds to withdraw a plea, other than in the limited context provided in § 971.31(10), which allows the suppression issue to be raised "upon appeal from a judgment of conviction," but does not similarly authorize review by later motion under § 974.06. In the absence of such an authorization, the ordinary guilty-plea waiver rule applies and Upright must be held to have waived the suppression issue with his pleas. See County of Racine v. Smith, 122 Wis. 2d 431, 434-35, 362 N.W.2d 439 (Ct. App. 1984). However, the State has not made that argument, and therefore we will proceed with the merits.
¶4 The key question is whether Upright consented to the agents' entry into his residence. Whether the defendant in fact consented to entry is a question of historical fact we review using a deferential standard, although the voluntariness of the consent is a question of constitutional fact we review without deference. State v. Phillips, 218 Wis. 2d 180, 194-97, 577 N.W.2d 794 (1998). Upright's argument focuses on the first question, whether he consented in fact to entry. The circuit court found the agents' account that Upright consented by opening the door and stepping back to be more credible. Upright argues that the circuit court's finding was clearly erroneous. His argument is partly a contention that the circuit court should have made a different credibility finding. However, credibility determinations are solely for the circuit court to determine because it can observe the witnesses as they testify. See State v. Hughes, 2000 WI 24, ¶2 n.1, 233 Wis. 2d 280, 607 N.W.2d 621.
¶5 Upright also argues that the facts of his case are different from the Phillips case relied on by the circuit court. In Phillips, the supreme court noted that consent to search need not be given verbally but may be in the form of gesture or conduct. Phillips, 218 Wis. 2d at 197. It is not necessary that the facts of Upright's case exactly match those in Phillips for the same legal principle to apply. Upright also argues that the circuit court failed to give a sufficient explanation for its credibility decision. However, a detailed conclusion as to each bit of disputed testimony is not required. The circuit court's decision was sufficient.
¶6 Upright also argues that his trial counsel was ineffective in various ways, including at the suppression hearing. Ineffective assistance of counsel could be grounds to withdraw the later plea. To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if defendant makes an inadequate showing on one. See id. To demonstrate prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. Id.
¶7 The circuit court denied Upright's motion without an evidentiary hearing. If the motion on its face alleges facts which would entitle the defendant to relief, the circuit court has no discretion and must hold an evidentiary hearing. State v. Bentley, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). Whether a motion alleges facts which, if true, would entitle a defendant to relief is a question of law we review de novo. Id.
¶8 Upright argues that his attorney's performance was deficient at the suppression hearing because counsel failed to bring out inconsistencies in the agents' testimony. His argument appears to be that, although none of these inconsistencies relate directly to the question of consent to enter, counsel should have used the inconsistencies as a basis for general attack on the agents' credibility. We are satisfied that the deficient performance, if any, was not prejudicial, because of the unlikelihood that such a general attack would have altered the court's finding.
¶9 Upright argues that counsel's performance was deficient by failing to highlight the factual differences from the Phillips case. We conclude there is no prejudice because, as stated above, the principle still applies. He argues that counsel failed to file "appropriate motions," but fails to show prejudice because he acknowledges that it is unknown what exculpatory evidence might have been discovered. He argues that counsel failed to investigate his case but again he does not point to facts we regard as undermining confidence in the outcome. He argues that counsel failed to object to the prosecutor's erroneous description of certain testimony during argument on the suppression motion. The State concedes that this was not the testimony but we see no reason to believe that the circuit court did not also recognize that it was inconsistent with the testimony.
¶10 Upright argues that his counsel failed to request an evidentiary hearing to determine, for sentencing purposes, the number of marijuana plants seized. He argues that if this hearing had been held, the circuit court would have found that there were only four plants, not twenty-eight, based on a federal court decision stating that a cutting is not a "plant" until it develops roots of its own. See United States v. Robinson, 35 F.3d 442 (9th Cir. 1994). The sole factual support he offers for this claim is the agents' execution of a search warrant report and property receipt, which describe "24 small plants  approximately 3-4 inches tall." It is impossible, from this description alone, to conclude that there is any evidence the plants lacked roots, and therefore Upright fails to show prejudice.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.