Village OF Germantown, Plaintiff-Respondent,
v.
Frederick A. Wittenberger, Defendant-Appellant.
No. 04-1912.
Court of Appeals of Wisconsin.
Opinion Filed: March 23, 2005.
¶1 SNYDER, J.[1]
Frederick A. Wittenberger appeals from a judgment of conviction for operating a motor vehicle while intoxicated, contrary to WIS. STAT. § 346.63(1)(a), and operating a motor vehicle with a prohibited alcohol concentration, contrary to § 346.63(1)(b). Both were first offenses. Wittenberger contends that the circuit court erred in declining to suppress the results of a breath test. He maintains that the arresting officer violated Wisconsin's implied consent law by failing to provide accurate information related to certain consequences that may occur from a positive test result. Because we conclude that Wittenberger stipulated to the relevant facts, he waived his right to appeal a nonjurisdictional defect. We therefore affirm the judgment of the circuit court.
¶2 According to the stipulation of facts,[2] on October 4, 2003, while driving his motor vehicle in the Village of Germantown, Wittenberger was stopped, detained and cited by Officer Matt Schubert for operating a motor vehicle while intoxicated. Within three hours of the initial stop, Wittenberger submitted to an Intoximeter breath test, producing a result of 0.14 grams of alcohol in 210 liters of his breath. Wittenberger was cited for operating a motor vehicle with a prohibited alcohol concentration.
¶3 It appears that subsequent to the arrest, Schubert read the Informing the Accused form in its entirety to Wittenberger. After reading the last paragraph of the form, Schubert informed Wittenberger that the paragraph would not apply to him. Wittenberger then consented to the chemical breath test. The last paragraph of the Informing the Accused form states that "other consequences may result from positive test results" if a driver was operating a commercial vehicle or had a commercial driver's license when stopped. See WIS. STAT. § 343.305(4). Because Wittenberger was a validly licensed commercial driver, the last paragraph of the Informing the Accused form did apply to Wittenberger and the information provided by Schubert was erroneous.
¶4 Wittenberger filed a motion to suppress the breath test results, alleging that the misinformation provided to him by Schubert constituted a violation of the implied consent law. The circuit court denied the motion. Then, in an attempt to expedite the issue to appeal, Wittenberger and the Village of Germantown stipulated to three facts in order to expedite a final decision. The court proceeded to make findings and enter guilty verdicts on both charges.
¶5 Whether Wittenberger was accurately advised of his rights under WIS. STAT. § 343.305(4) concerns the interpretation and application of a statute. The application of a statute to undisputed facts is a question of law which we review de novo. See Gonzalez v. Teskey, 160 Wis. 2d 1, 7-8, 465 N.W.2d 525 (Ct. App. 1990).
¶6 When a defendant has "caused or induced a judgment to be entered," a defendant may waive his or her right to claim violations of nonjurisdictional defects. See County of Racine v. Smith, 122 Wis. 2d 431, 437, 362 N.W.2d 439 (Ct. App. 1984); see also County of Ozaukee v. Quelle, 198 Wis. 2d 269, 275, 542 N.W.2d 196 (Ct. App. 1995). Although we have discretion to review the issue on appeal, we choose not to review the lower court's ruling. See Smith, 122 Wis. 2d at 436.
¶7 Wittenberger stipulated to the results of the Intoximeter breath test. In doing so, he stipulated to the evidentiary foundation of the test results. Therefore, he waived his right to appeal the circuit court's denial of the suppression motion.
¶8 We support this determination based on the comparison of the facts in Wittenberger's case to those in Quelle. Although in Quelle the waiver rule would have applied, the court exercised its discretion to consider the merits of the appellate issue. Quelle, 198 Wis. 2d at 275-76. The court decided to consider the merits of the case because the defendant's no contest plea saved time and court costs, there was an ample record from which to consider the issues, and the penalty under the no contest plea was consistent with first-offense charges. Id.
¶9 In Wittenberger's case, although it appears that he wished to save court costs and time in stipulating to the facts in order to obtain a more rapid conclusion, and the conviction did not impose overly burdensome penalties, the record in this case is simply inadequate to consider the issue on appeal. In particular, the record does not contain any testimony by either Wittenberger or Schubert.
¶10 Because Wittenberger stipulated to the results of the Intoximeter breath test to expedite an appeal, we conclude that he waived his right to appeal the circuit court's denial of the suppression motion. Further, we decline to exercise our discretion to set aside the waiver because the record is insufficient to consider the merits of Wittenberger's claim.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The three stipulated facts were:

1. That the defendant, Frederick A. Wittenberger, was driving his motor vehicle on a public highway in the Village of Germantown, Washington County, Wisconsin, on October 4, 2003.
2. That the defendant was stopped, detained and arrested by Officer Matthew Schubert of the Germantown Police Department for allegedly Operating a Motor Vehicle While Intoxicated (1st Offense).
3. That within three (3) hours of the defendant having driven his motor vehicle, the defendant submitted to an Intoximeter breath test which produced a result .14 g/210L. Thereafter, the defendant was issued a citation for Operating a Motor Vehicle With a Prohibited Alcohol Concentration.