# COURT OF APPEALS
## DECISION
## DATED AND FILED

### December 2, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP867**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018TR12055**

**IN COURT OF APPEALS
DISTRICT II**

CITY OF OSHKOSH,

PLAINTIFF-RESPONDENT,

V.

BRIAN D. HAMILL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Winnebago County: KAREN L. SEIFERT, Judge. *Affirmed*.

¶1 REILLY, P.J.[1] Brian D. Hamill appeals from his judgment of conviction for operating a vehicle while intoxicated (OWI), first offense, contrary

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

to WIS. STAT. § 346.63(1)(a). Hamill challenges the circuit court's denial of his motion to suppress evidence, arguing that reasonable suspicion did not exist to support the traffic stop of his vehicle. We disagree and affirm.

*Background*

¶2      On September 16, 2018, at 2:38 a.m., Officer Donald Franklin of the City of Oshkosh Police Department was traveling southbound on South Main Street in the City of Oshkosh when his attention was drawn to a jeep traveling southbound directly ahead of his squad. Franklin observed the jeep, which was in the inside southbound lane,[2] drift to the right and it rode "the dotted line for the outside [southbound] lane" for approximately twenty to thirty feet (three to four seconds). The jeep then corrected itself and traveled within its lane for approximately thirty to forty feet, after which time it drifted to the left and rode the centerline marker of the roadway for approximately forty to fifty feet (four to five seconds). The jeep again corrected itself but then drifted back to the dotted line lane marker on the right side of the lane and rode the line for approximately thirty to forty feet (three to four seconds). Franklin testified that the jeep never crossed over either lane marker. After the third time the vehicle touched a lane marker, Franklin performed a traffic stop; Hamill was the driver.

¶3      Hamill challenged the legality of his stop at a suppression hearing. At the hearing, Franklin testified as to his observations of Hamill's operation of his vehicle as noted above. Franklin testified that he stopped Hamill's vehicle on suspicion of impaired driving based upon his observations of the right-left-right

---

[2] Franklin explained that the roadway has four lanes—two on each side—divided for north and southbound traffic.

drifts and the time of day. Hamill did not testify or offer any witnesses. The circuit court denied Hamill's motion to suppress.[3] Hamill pled no contest, and this appeal followed.[4]

### *Standard of Review*

¶4    Whether a traffic stop is reasonable is a question of constitutional fact. *State v. Post*, 2007 WI 60, ¶8, 301 Wis. 2d 1, 733 N.W.2d 634. "A question of constitutional fact is a mixed question of law and fact to which we apply a two-step standard of review." *Id.* The circuit court's findings of historical fact are reviewed under the clearly erroneous standard, while we independently apply those facts to constitutional principles. *Id.*

### *Discussion*

¶5    We examine the totality of the circumstances surrounding the stop to determine if reasonable suspicion exists. *State v. Walli*, 2011 WI App 86, ¶8, 334 Wis. 2d 402, 799 N.W.2d 898. The fundamental focus of the reasonable suspicion requirement in traffic stops is reasonableness. *See State v. Anderson*, 155 Wis. 2d 77, 83, 454 N.W.2d 763 (1990). "The determination of reasonableness is a common sense test. The crucial question is whether the facts of the case would warrant a reasonable police officer, in light of his or her training and experience,

---

[3] Hamill filed a motion for reconsideration, which the circuit court also denied.

[4] On appeal, Hamill argues that he did not waive his right to appeal by his no contest plea. While noting that our state courts have found that WIS. STAT. § 971.31(10), containing an explicit exception that preserves the right to appeal denied motions to suppress when a defendant pleads guilty or no contest, applies only to criminal cases, *County of Racine v. Smith*, 122 Wis. 2d 431, 436-37, 362 N.W.2d 439 (Ct. App. 1984), Hamill asks this court in its discretion to review his appeal. The City of Oshkosh concedes this issue; therefore, we will address the merits of Hamill's case.

to suspect that the individual has committed, was committing, or is about to commit a crime." ***Post***, 301 Wis. 2d 1, ¶13. In order to demonstrate reasonable suspicion, an officer must have a "particularized and objective basis" to believe that the person stopped is involved in, or is about to partake in, violating the law. ***Walli***, 334 Wis. 2d 402, ¶9 (citation omitted). This belief must be grounded in specific and articulable facts. ***Id.*** Driving need not be illegal to give rise to reasonable suspicion justifying an investigatory traffic stop. ***Post***, 301 Wis. 2d 1, ¶24.

¶6      Hamill argues that there was not enough evidence to support the circuit court's finding that the officer had reasonable suspicion to perform a valid investigatory traffic stop of his vehicle. We disagree. The circuit court made the following findings:

> Franklin observed the driving that included weaving, not just an "S" curve within the lane but weaving to the point of touching the lane divider on each side, in addition, the observed driving occurred at 2:38 a.m. right after bar close compared to 9:30 [p.m.] in ***Post***[, 301 Wis. 2d 1, ¶36]. Taken together, the officer's articulated observations do give rise to the reasonable suspicion necessary for the stop ….

While "weaving within a single traffic lane does not alone give rise to the reasonable suspicion necessary to conduct an investigative stop of a vehicle," ***id.***, ¶2, the court's determination was based on the totality of the circumstances rather than one particular fact. The court examined the manner of the weaving (right-left-right drift in a relatively short period of time) coupled with the time of day—at "bar time," which our supreme court has called "significant." *See **id.***, ¶36. Under the totality of the circumstances, Franklin had reasonable suspicion to stop Hamill, and the stop did not violate Hamill's constitutional right to be free

from unreasonable searches and seizures. The circuit court properly denied Hamill's suppression motion.

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.