County of Manitowoc, Plaintiff-Respondent,
v.
Jean R. Klug, Defendant-Appellant.
No. 04-1548.
Court of Appeals of Wisconsin.
Opinion Filed: January 12, 2005.
¶ 1 SNYDER, J.[1]
Jean R. Klug appeals from a judgment of conviction for operating a motor vehicle while intoxicated, first offense, contrary to WIS. STAT. § 346.63(1)(a). Klug pled no contest to the OWI charge after the court denied her motion to suppress evidence. Klug contends that the arresting officer violated her Fourth Amendment protections when he induced her to step outside of her apartment to talk and then physically restrained her from re-entering. The circuit court denied Klug's suppression motion on the basis that the officer's conduct did not constitute unlawful entry and that a suspect does not have the right to walk away from an investigation that is not completed.
¶ 2 The facts are brief and undisputed. On August 10, 2003, Deputy Jeff Horneck of the Manitowoc County Sheriff's Department received a dispatch that a caller had witnessed a reckless driver on Highway 10. The witness provided a license plate number, which allowed Horneck to determine that the car was registered to Klug. The witness also reported that the vehicle had stopped at the residence, an apartment complex, where Klug lived. Horneck asked the dispatcher to recontact the witness for a written statement. Horneck drove to the apartment and saw the vehicle in the parking lot.
¶ 3 Horneck went to Klug's door and knocked. Klug came to the door and asked Horneck why he was there. Horneck was standing outside on the front sidewalk, which was down approximately two steps from the entrance to the front porch. Klug stood in the doorway as Horneck explained why he was there. Horneck asked Klug if she wanted to step inside or outside to talk, preferring that she not stand in the doorway. Klug stepped outside and sat on the step outside the porch door. Horneck noticed that her balance was unsteady, her speech was slurred, she would hesitate before responding to questions, and there was a strong odor of intoxicants. Horneck asked Klug about her driving and alcohol consumption. Klug admitted that she had been drinking earlier.
¶ 4 Horneck called for assistance. A Brillion police department officer and another sheriff's deputy responded, both arriving about fifteen minutes after the call. During the fifteen-minute interval, Klug became uncomfortable and disagreeable, stating that she wanted to go back inside. Horneck told her he was investigating a complaint and would not allow her to do so. Klug stood up to go inside and Horneck grabbed her hand. Klug did not resist and Horneck continued to talk to her. Klug tried once or twice more to go back into the apartment, but Horneck reiterated that he would not allow her to do so.
¶ 5 When additional law enforcement arrived, Horneck contacted the witness who had originally called in the report. The witness provided more detailed information about Klug's driving. Horneck then returned to talk to Klug and told her that the witness was willing to make a statement about her erratic driving. Horneck asked Klug to perform field sobriety tests, and she agreed. Klug failed to complete the tests and subsequently took a preliminary breath test. Based upon the results of these tests, the witness statement, and his own observations, Horneck arrested Klug for OWI.
¶ 6 Klug moved to suppress the arrest, Horneck's observations, field sobriety test results, and chemical test results. The circuit court denied Klug's motion, and Klug filed a petition for leave to appeal. We denied the petition. Klug then entered a plea of no contest to the OWI charge. Based on her plea, judgment was entered against her and she appeals.[2]
¶ 7 Klug challenges the circuit court's denial of her motion to suppress and contends that Horneck violated her Fourth Amendment right to be free from unreasonable search and seizure. When we review an order denying a motion to suppress evidence, we uphold the circuit court's findings of fact unless they are against the great weight and clear preponderance of the evidence. State v. Larson, 2003 WI App 150, ¶ 7, 266 Wis. 2d 236, 668 N.W.2d 338. The application of constitutional principles to those facts, however, is a question of law that we review de novo. Id.
¶ 8 The right of people to be free from unreasonable government intrusion into their homes is at the very core of the Fourth Amendment. Payton v. New York, 445 U.S. 573, 589-90 (1980). The Fourth Amendment has "drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Id. at 590.
¶ 9 Klug directs us to our decision in Larson, where we held that when the officer stepped into the threshold of Larson's apartment doorway, "an entry for Fourth Amendment purposes" had occurred. Larson, 266 Wis. 2d 236, ¶¶ 10-11. In Larson, the police officer put part of his foot into the doorway to prevent Larson from slamming the door. Id., ¶ 3. The State acknowledges that actual entry into the home triggers Fourth Amendment protections, but contends no such entry occurred here. Klug concedes that Horneck did not cross the threshold of her doorway, but casts Horneck's statement as a threat to enter. She argues that "a threat to make a warrantless entry into the home could be considered as intrusive and unconstitutional as the actual entry into the home."
¶ 10 The circuit court rejected Klug's characterization of Horneck's statement to Klug as a threat or command. The court stated, "Defense counsel tries to make Horneck's request into a command, but the record of defense counsel's cross-examination of the officer does not support that conclusion." The circuit court determined that Horneck did not enter Klug's apartment and that Klug voluntarily stepped outside. We conclude that the circuit court's findings are supported by the evidence. Further, we conclude that the circuit court correctly limited our holding in Larson to those circumstances where the police officer enters the home.
¶ 11 Klug also argues that Horneck violated her Fourth Amendment rights when he grabbed her arm and prevented her from going back inside. She offers no case law to support this argument. Arguments unsupported by references to legal authority will not be considered. State v. Lindell, 2000 WI App 180, ¶ 23 n.8, 238 Wis. 2d 422, 617 N.W.2d 500, aff'd on other grounds, 2001 WI 108, 245 Wis. 2d 689, 629 N.W.2d 223. Moreover, we agree with the circuit court's ruling that State v. Goyer, 157 Wis. 2d 532, 460 N.W.2d 424 (Ct. App. 1990), controls. Once a legal investigation is started, the person who is the subject of the investigation does not control its duration. Id. at 538.
¶ 12 We hold that no unconstitutional seizure occurred. Horneck did not enter Klug's apartment, nor did he threaten to do so. Klug's motion to suppress was properly denied, and we affirm the circuit court's judgment and order.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The general rule that a no contest plea constitutes a waiver of the right to appeal applies to civil cases. County of Racine v. Smith, 122 Wis. 2d 431, 438, 362 N.W.2d 439 (Ct. App. 1984). Such waiver does not, however, deprive an appellate court of jurisdiction to review nonjurisdictional issues in the exercise of its discretion. State v. Riekkoff, 112 Wis. 2d 119, 123-24, 332 N.W.2d 744 (1983). Here, the State joins Klug in requesting review. We agree that requiring Klug to exercise her right to a trial would be an inefficient use of judicial resources. Further, the circuit court conducted an extensive hearing on the motion to suppress and we have an adequate record before us on appeal. For these reasons, we exercise our discretion to review the matter and move directly to the merits.