AGNEW, Appellant, vs. BALDWIN, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*May 12—September 29, 1908.*

(1, 2, 5) *Appeal: Waiver of right: Stipulated judgment: Exceptions
to charge: Sufficiency.*    (3, 4) *Contracts: Partial reduction to
writing: Parol evidence: Statute of frauds: Abrogation.*

1. Where the court below granted a new trial unless defendant
would stipulate to remit a part of the damages awarded by the
jury on his counterclaim and allow a judgment for plaintiff for
a certain sum, and defendant filed such a stipulation, he thereby
waived his right to appeal from the judgment entered in accord-
ance therewith.

2. The plaintiff in such case, however, who did not move for judg-
ment on defendant's stipulation and did nothing to waive his
claim to recover the entire amount for which he sued, did not
lose his right to appeal.

3. The question being whether the parties made an oral agreement
by which plaintiff was to convey to defendant certain lots and
to fill them with earth so as to raise the surface one foot, and
defendant was to pay therefor in lumber of a certain value and
by assumption of a mortgage on the lots, the fact that a con-
veyance of the land and a written contract for delivery of the
lumber were afterwards executed, neither of which purported
to contain the entire contract, did not preclude the admission
of parol evidence to show the other part of the agreement, re-
lating to the filling of the lots.

4. The promise to fill the lots in such a case was a contract for serv-
ices and not a sale of property, and when the parties put in
writing those parts of the agreement which the statute of frauds
required to be written the statute was satisfied and the entire
contract became binding, unless the agreement to fill had been
abrogated by consent of the parties before the writings were
made.

5. An exception "to those portions of the charge to the jury which
are as follows," followed by portions of the charge covering sep-
arate propositions, many of which are unassailable, is an om-
nibus exception presenting no specific question for considera-
tion.

APPEALS from a judgment of the circuit court for Mil-
waukee county: ORREN T. WILLIAMS, Circuit Judge. *Af-
firmed on plaintiff's appeal; defendant's appeal dismissed.*

This is an action to recover damages for failure to deliver
a part of the lumber agreed to be delivered by the terms of a
written agreement executed by defendant to the plaintiff No-
vember 28, 1905. The agreement recites the receipt of the
sum of $2,200, and provides for the delivery of lumber of
good quality therefor at such times and places in the village
of West Allis as plaintiff may direct, and at the lowest cash
prices for which the same could be bought of retail dealers.
It is admitted that the defendant delivered lumber under
the contract amounting to $1,831.44 and refused to make
further deliveries, leaving $368.56 worth undelivered.

The defendant by way of answer and counterclaim al-
leged in substance that on or about November 23, 1905, the
parties made an agreement, which the evidence shows was
oral, by which plaintiff agreed to sell and convey to defend-
ant two village lots in West Allis and to fill said lots with
earth within a reasonable time so as to raise the surface one
foot, and the defendant agreed to pay for the lots and the
filling the sum of $4,200, of which sum $2,200 was to be
paid in lumber and $2,000 by the assumption of a mortgage
already existing and covering the premises; that in pursu-
ance of this agreement the defendant, on the 28th of No-

vember, executed the lumber contract in question, and on the same day the plaintiff conveyed the premises to the defendant by deed; that the defendant paid and satisfied the mortgage in January, 1906; that thereafter he delivered lumber on the contract amounting in value to $1,831.54; that the plaintiff, though often requested, failed and refused to fill the lots as agreed; and that the reasonable value of such filling is the sum of $180, which sum he claims to recover in this action, and tendered judgment to the plaintiff for $188.46 and costs up to the time of service of the answer. The tender was not accepted by the plaintiff, and a reply was filed denying that he made any agreement to fill the lots, and alleging that the lumber contract and the conveyance contain the entire contract between the parties.

At the opening of the trial the defendant was allowed to amend his answer so as to allege damages upon his counterclaim in the sum of $500 instead of $180 and demand judgment in his favor for $131.54. The plaintiff proved that only $1,831.44 worth of lumber had been delivered upon the contract and that defendant had refused to make any further deliveries, and rested. The defendant was then allowed to testify, against objection, to the making of an oral contract between himself and plaintiff early in November, 1905, by which the plaintiff agreed to convey the property to the defendant and fill the lot one foot, and the defendant agreed to pay therefor $2,200 in lumber and assume the $2,000 mortgage. The negotiations leading up to this alleged oral contract were conducted by one Kinkel, who was the plaintiff's agent. Kinkel was present at the time the final oral agreement was made, and also testified that plaintiff agreed to fill the lot. The defendant introduced as confirmatory of his testimony a letter sent by plaintiff to him November 24, 1905, as follows:

"Mr. Kinkel will arrange with you and assume all the responsibility of filling the lot as per our conversation this

a. m.   I write you so that the status of the matter may be understood and that the obligation will be that of Mr. Kinkel instead of mine.        Yours truly,      A. D. Agnew.
"O.  K.   A. F. Kinkel."

Defendant further testified that shortly after the receipt of this letter he met *Agnew* in Kinkel's office and refused to release him from the filling contract or accept Mr. Kinkel as the responsible party, and Mr. Kinkel corroborated the defendant as to this conversation and testified that it took place a day or two after the letter was written.   The plaintiff denied making any agreement to fill the lot, and claimed that he wrote the letter because Kinkel had previously said to him that if the filling of the lot was all that stood in the way of the bargain he (Kinkel) would fill it himself, and that he (plaintiff) told *Baldwin* this when *Baldwin* spoke to him about the filling, and *Baldwin* assented to the idea, and he (plaintiff) went immediately to Kinkel's office and talked with Kinkel, who consented to the arrangement, and he immediately wrote the letter, and *Baldwin* never spoke to him again with reference to the matter.   The testimony as to the reasonable value of the work of filling was very conflicting.

The jury returned a general verdict for the defendant for $1.56, thus allowing the counterclaim at a trifle more than the plaintiff's claim.   Plaintiff moved to set aside the verdict and for a new trial, which motion was granted unless the defendant should file a stipulation consenting to remit all but the sum of $180 from his damages and allow plaintiff a judgment of $188.46 as tendered in the original answer with costs, and, in the case of the filing of such stipulation, denying the motion.   The defendant filed the stipulation specified in the order of the court, and judgment was entered in accordance therewith, from which both parties appeal.

*Charles T. Hickox,* for the plaintiff.

For the defendant there was a brief by *Quarles, Spence &*

*Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

The following opinion was filed June 5, 1908:

WINSLOW, C. J.   It seems plain that by stipulating to the entry of the judgment the defendant waived his right of appeal therefrom.   The circuit judge evidently granted a new trial in the exercise of his discretion because he was dissatisfied with the damages allowed by the jury on the counterclaim, but granted to the defendant the privilege of averting a new trial by reducing his damages to a sum which the court deemed reasonable.   The defendant could take any one of three courses: he could appeal from the order if he deemed that the court's discretion had been abused, or he could submit to the new trial, or he could file his stipulation and avoid another trial.   He had his choice, and he chose to stipulate for the entry of the very judgment which was entered.   In so doing he did not act under compulsion in any legal sense.   A party cannot voluntarily stipulate that a certain judgment be entered and then appeal from it after its entry.   He cannot be heard to complain of an act to which he deliberately consents.   *Consensus tollit errorem.*

The plaintiff, however, has done nothing to forfeit his right of appeal.   He promptly moved for a new trial, and his motion was granted subject to defendant's right to stipulate to reduce his damages.   He did not even move for judgment on the stipulation, and has done nothing to waive his claim to recover the entire amount of the balance due on the lumber contract without reduction.   His appeal must therefore be considered.   His first claim is that the evidence of the parol contract to fill the lots was inadmissible because the entire contract was reduced to writing and is contained in the deed of the lots and the lumber contract, hence that it cannot be varied or enlarged by parol.   The difficulty with this contention is that neither the deed nor the contract pur-

ports to contain the entire contract. The deed is simply a
muniment of title and its recital of consideration is always
subject to investigation. The lumber contract does not pur-
port to state the nature of the consideration upon which it is
founded. If the oral contract was as the defendant claims
and as the jury found, then it is clear that the whole contract
was not reduced to writing, but only such parts of it as were
necessary to convey the title of the land and define the obli-
gation of the defendant to deliver lumber. Where parts
only of an entire verbal contract are reduced to writing,
parol evidence is admissible to show the remaining parts.
*Mueller v. Cook,* 126 Wis. 504, 105 N. W. 1054, and cases
there cited.

But it is further claimed that the entire verbal contract
was void because not in writing. However, those parts
which the statute requires to be in writing, namely, the con-
veyance of the land and the agreement to deliver the lumber,
were subsequently reduced to writing. The promise to fill
the lots was a contract for services and not a sale of property,
and hence was not within the statute of frauds. *Meincke v.
Falk,* 55 Wis. 427, 13 N. W. 545; *Central L. & E. Co.
v. Moore,* 75 Wis. 170, 43 N. W. 1124. When the parties
put those parts of the contract in writing which the statute
requires to be written, manifestly the statute was satisfied
and the entire contract became binding, unless indeed the
agreement to fill the lots had been abrogated by the parties
before the writings were made. The letter in evidence writ-
ten on November 24th is claimed to amount to an abrogation
of that part of the contract. There was sufficient evidence,
however, from which the jury could find that the defendant
at once objected to the proposal in the letter and insisted on
the original contract, and, if they so found, then there was
no abrogation by consent of the parties. The plaintiff is
insisting upon the performance of the lumber contract, and,
if the agreement to fill the lots was a part of the considera-

tion for it, he can hardly claim that he has abrogated that part of it by his own act, which was not assented to by the defendant.

It is claimed that there were errors in the charge of the court. By his written exceptions the plaintiff first excepted "to those portions of the charge to the jury which are as follows." Here follow more than two pages of printed matter contained in the charge, covering many separate propositions, most of which are absolutely unassailable. This is therefore an omnibus exception which presents no specific question for consideration. The plaintiff further excepted to those parts of the charge which assume that the parol agreement was valid and charge that its terms could not be modified except by assent of both parties. As previously indicated in this opinion, there was no error in the charge in these respects in a case like the present where the plaintiff is endeavoring to enforce one of the parts of the original agreement.

A third exception is based on the failure of the court to charge that the parol agreement was void because not in writing, and his further failure to instruct that the letter of November 24th, followed by the written agreement to deliver lumber, constituted a waiver on the part of the defendant of any claim of liability for refusal to fill the lots. These propositions also are disposed of in the previous discussion in this opinion.

There are no other questions which require attention.

*By the Court.*—The appeal of the defendant is dismissed, and upon the plaintiff's appeal the judgment is affirmed.


A motion by the plaintiff for a rehearing was denied September 29, 1908.