Nelson, Respondent, vs. Kress, Appellant.

*January 12—January 31, 1911.*

*Action: Dismissal: Settlement of controversy: Contracts: Partial writing: Parol evidence: Corporations: Ownership of stock: Title in trust: Evidence.*

1. Where, after commencement of an action to determine the ownership of corporate stock held by defendant and claimed by plaintiff, the stock was transferred to plaintiff pursuant to an agreement that he should pay therefor if defendant was found to be the owner and that the action should proceed to determine the rights of the parties, the controversy remained and defendant was not entitled to dismissal of the action.

2. Where there is an entire oral contract and a writing made merely in part execution thereof, the remainder of the contract may be established by parol.

3. Where, under an oral agreement, the stock of a corporation, consisting of twenty shares, was to be owned by three persons equally, but a certificate for ten shares was issued to one of them, who was to hold three and one-third shares thereof in trust for the other two, and he gave to them a writing stating, "If I sell *my ten shares* I will pay [the other two persons] the difference in value between one half and one third of the stock,"

proof of the oral contract, together with such writing, is suffi-
cient to overcome the written evidence (consisting of the stock
certificate and records of the corporation) that the holder of the
certificate was the absolute owner of the ten shares; and the
oral contract shows also that the words "my ten shares" refer
merely to the status of the legal title.

APPEAL from a judgment of the circuit court for Manito-
woc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Action in equity for cancellation of a certificate for ten
shares of stock in the Herald-Press Publishing Company,
held by defendant, and issuance of a certificate for three and
one-third of such shares to plaintiff.

The facts claimed by plaintiff and put in issue by defend-
ant were these: In 1899 the Herald-Press Publishing Com-
pany was formed by plaintiff and one Brandt, owners of a
printing business, and defendant, owner of a rival business,
for the purpose of combining the two enterprises.    Precedent
to such combination it was agreed that a corporation should
be formed, the two newspaper properties be conveyed thereto
as an equivalent for the capital stock of twenty shares, the
same, as between the parties, to be one third owned by each
person, but for political reasons defendant *Kress* to hold in
his name ten shares, three and one-third shares thereof, how-
ever, to be treated as held in trust for plaintiff and Brandt
and to be transferred to them if they at any time should deem
that necessary for protection of their interests.    The scheme
was consummated by organization of the corporation, trans-
fer of the two properties thereto, and issuance of the twenty
shares of stock, one half to defendant and one quarter to each
of the other persons.    *Kress,* as evidence of his obligation in
respect to the three and one-third shares, gave plaintiff and
Brandt a paper to the effect that in case of his selling or
transferring the ten shares held by him he would account
to them for three and one-third shares thereof.    Subsequently
plaintiff acquired Brandt's interest in the corporation.
Thereafter he and *Kress* for some five years conducted the

business as owners with the understanding that plaintiff's interest was two thirds and defendant's one third.   Then difficulties arose, followed by defendant repudiating plaintiff's claim of ownership of more than a half interest in the corporation.   In that situation *Kress* asserted authority, as president, to wholly control the corporate affairs and took steps for the election of directors so as to exclude plaintiff from any participation in the management thereof.   Thereupon this action was brought, in part to determine the title to the three and one-third shares.

Defendant answered, among other things, that he became and was at the time of the commencement of the action absolute owner of the ten shares of stock issued to him, and pleaded that, subsequent to such commencement, he settled his differences with plaintiff by transferring to him such shares.

At the outset the corporation was made a defendant. Thereafter, an arrangement having been made whereby *Kress* transferred all stock held by him to plaintiff, the action against the corporation was dismissed.

There was evidence tending to prove all the allegations of the complaint and that the transfer of ten shares made to plaintiff after the action was commenced, was without prejudice to its continuance for the purpose of establishing the rights of the parties as regards the disputed three and one-third shares.

The court took an advisory verdict.   The jury found all disputed questions as to ownership of the three and one-third shares in favor of the plaintiff.   The court filed findings approving those made by the jury and, further, that after the commencement of the action defendant transferred the ten shares held by him to plaintiff, not in settlement of the litigation, but without prejudice to continuance thereof for the purpose of establishing the rights of the parties as to the three and one-third shares, plaintiff paying a specified con-

sideration upon the basis of defendant's actual ownership being of six and two-thirds shares and agreeing to pay a stipulated sum in addition in case of its being determined in the action pending, or any other action, that defendant was the owner of the three and one-third shares as he claimed. The court further found, on this, in favor of plaintiff. Judgment was ordered and rendered accordingly.

The cause was submitted for the appellant on the brief of *Hougen & Brady,* and for the respondent on the briefs of *Nash & Nash.*

MARSHALL, J. The judgment must be affirmed. Neither of the reasons advanced in favor of a reversal seems to have sufficient merit to call for more than brief consideration.

The first suggestion is that after the stock was transferred to respondent there was no controversy left to be settled and so the action should have been dismissed. The transfer of the stock was made pursuant to an agreement in writing to the effect that the litigation might proceed to determine the rights of the parties as to the disputed ownership. That is the fair import of the written agreement as we read it.

The next proposition is that the agreement pursuant to which the stock was issued was in writing, therefore parol evidence of title was incompetent. The agreement respecting the formation of the corporation to combine the two newspaper properties, was not reduced to writing. Counsel refer to papers which were made in the course of carrying out the verbal contract. The whole agreement never was put in writing or intended to be. That is quite plain from the record. It is a familiar rule that where there is an entire verbal contract and a writing merely made in part execution thereof the balance may be established by parol. *Burhans v. Johnson,* 15 Wis. 286; *Agnew v. Baldwin,* 136 Wis. 263, 116 N. W. 641.

The last proposition is that parol evidence was not suffi-

cient to overcome the written evidence as to appellant's own-
ership, referring, obviously, to the certificate of stock and
the records of the corporation as the written evidence.    But
the case on the part of respondent did not rest wholly upon
parol evidence.    There was the writing given by appellant
to respondent and his associate, agreeing in these words: "If
I sell my ten shares in the Herald-Press Publishing Company
I will pay *Horal Nelson* and William F. Brandt the differ-
ence in value between one half and one third of the stock."
True, looking at the language of the paper alone, it suggests,
clearly, absolute ownership of the ten shares of stock by ap-
pellant.    But the pledge to account for three and one-third
shares, the amount in controversy here, evidences, very
clearly, that the paper does not contain all the agreement be-
tween the parties with reference to the stock, and was not in-
tended to.    Why appellant so pledged himself does not ap-
pear in writing.    No consideration is mentioned therein,
though it would seem there probably was one.    When, by
aid of the parol evidence, we discover the whole contract, the
ambiguity is explained.    It thereby appears that the paper
was intended to be the written evidence that appellant held
three and one-third shares merely as trustee for the two per-
sons he agreed to account to in accordance with the agree-
ment to combine the printing establishments.    It is also
plainly seen that the words "my ten shares" merely refer to
the status of the legal title.    On the whole the evidence
abundantly supports the finding of the court that the three
and one-third shares, though carried on the books of the cor-
poration in the name of appellant, were, as between him and
respondent, the property of the latter.

*By the Court.*—The judgment is affirmed.