AUER PARK CORPORATION, INC., Plaintiff-Respondent,

Nancy BRAUN, Plaintiff,

v.

Michael J. DERYNDA, Dale and Carol Adams,
Defendants-Appellants,

Thomas F. FISCHER, Mary Jo Lewis, Lynn M. Mueller,
and all other persons unknown, claiming any right,
title, estate, lien or interest in the real property
described in Paragraph 12 of the Complaint or any
cloud upon the title to said real estate, Defendants.

Court of Appeals

*No. 98–1787. Submitted on briefs July 30, 1999.—Decided
September 1, 1999.*

(Also reported in 601 N.W.2d 841.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lee J. Geronime* of *Michael Best & Friedrich LLP* of Milwaukee.

Before Brown, P.J., Nettesheim and Anderson, JJ.

ANDERSON, J.   This appeal determines whether Michael J. Derynda and Dale and Carol Adams have standing before this court to contest the judgment awarding Auer Park Corporation, Inc. (Auer Park) fee simple title by adverse possession to an eight-foot-wide

strip of lakefront property.[1] We conclude that because the appellants lack standing, their appeal must be dismissed.

The controversy in this case concerns an eight-foot-wide, 300-feet-long strip of land on Pewaukee Lake which was created from land described as reserve lot 1. During a redivision of Auer Park subdivision, the landowner personally retained reserve lot 1. At the landowner's death, reserve lot 1 passed to his spouse, Jane Auer (Jane). In 1929, Jane conveyed reserve lot 1 to others. At this conveyance, she siphoned off the disputed eight-foot strip by excluding it from reserve lot 1's deed.[2] Neither Jane nor her heirs have ever transferred the title to the eight-foot strip.

Over the years, the eight-foot strip has been used by the Auer Park homeowners who lack direct lake access. These homeowners used the strip's lake access to participate in conventional lake activities such as swimming, boating, fishing and snowmobiling. They also maintained the strip's fence and pier and cut its grass.

The current dispute over the eight-foot strip arose when the adjacent lakefront landowner, Derynda, began improving his property. He took down the fence separating the properties, changed the strip's grass to appear continuous with the grass on his property, and moved his pier so close to the strip's pier that use of that pier was precluded. The Auer Park homeowners,

---

[1] The only parties appealing from the judgment are Derynda and the Adamses. The remaining defendants, Thomas F. Fischer, Mary Jo Lewis and Lynn M. Mueller, entered into a stipulation agreeing to be bound by the trial court's judgment and do not participate in this appeal.

[2] The deed conveyed all of reserve lot 1 "except the Southeasterly (S.E.) Eight (8) feet."

who had been enjoying unrestricted use of the strip, objected to Derynda's acts and sought a resolution of the dispute. They joined together and formed the Auer Park Corporation. Auer Park then filed this lawsuit, seeking title to the strip. Auer Park named Derynda and the Adamses, among others, as defendants. The Adamses, who are also Auer Park residents, claimed exclusive rights to the strip because of an easement provision in their property's deed.

Auer Park claimed that it had obtained title to the strip through adverse possession. The Adamses signed a stipulation consenting to be bound to whatever judgment was entered. After a two-day trial, the trial court granted Auer Park title to the strip by adverse possession. The court also held that Derynda lacked standing because he had previously disclaimed any legal interest in the strip. Derynda and the Adamses appeal.

■

Although Derynda and the Adamses thoroughly brief their arguments in opposition to the adverse possession grant, the initial issue we must address is whether either of these parties has standing to argue the cause before this court. A party has standing or a right to appeal from a judgment or order if that party has been aggrieved in an appreciable manner by the court's action. *See Tierney v. Lacenski*, 114 Wis. 2d 298, 302, 338 N.W.2d 522, 524 (Ct. App. 1983). If the appealed judgment or order directly injures his or her interests, the party is aggrieved; furthermore, the injury must adversely affect the party's interests in an appreciable way. *See id.*

Derynda asserts that his interests are adversely affected by the court's decision because the use and enjoyment of his property will be hampered. This will occur, he argues, when Auer Park's sixteen property

owners access the lake through the strip which is adjacent to his property. He alleges this will create an "invasion of his privacy." Additionally, he contends that he is appreciably injured by the possible diminution of his property's value. We reject these arguments.

First, we conclude that this issue is governed by § 841.04, STATS. Chapter 841, STATS., details how a party may declare his or her interest in real property. Section 841.04 states:

> The answer shall indicate the nature and derivation of defendant's interest. If the defendant, by answer, disclaims any interest in the described property . . . no further answer is necessary.

In Derynda's answers to the original and amended complaints, he never expressed the nature or derivation of his interest in the strip. Under § 841.04, STATS., defendants must declare any interest they may have in their answer. Derynda made no such claim. By not declaring in his answers any legal interest in the strip, Derynda terminated his right to participate in this action.

Moreover, we note that Derynda has repeatedly disclaimed any legal interest in this property throughout these proceedings. At a deposition, Derynda was directly questioned if he claimed legal ownership of the strip. He responded, "No." Furthermore, while he initially pursued a counterclaim requesting a judicial determination of the permissible uses of the strip, he later withdrew that claim prior to trial.

Adverse possession is the issue disputed by the parties. In an adverse possession, the only parties who generally have standing are the property's titleholder

and the party claiming adverse possession. *See* § 893.25, STATS. Derynda is neither. He does not claim a legal interest in the strip as either the titleholder or the adverse possessor.

Derynda's claims of injury due to an invasion of his privacy and a diminution of his property's value also do not confer standing. The claim of loss of use and enjoyment of his property because of privacy invasion is probably more appropriately addressed through a nuisance action. In any event, the adverse possession judgment will not create a flood of new people accessing the lake through the strip. Rather, the judgment just confers upon Auer Park the legal right to enjoy the use of the strip as it has already been doing for many years. The impact, if any, on Derynda's property's value is purely supposition and unsupported by any evidence. In sum, Derynda's arguments seeking standing to appeal fail.

■

The Adamses also contend that they have been appreciably and adversely injured by the court's judgment. They argue that because Auer Park's complaint did not put them on notice that Auer Park was seeking to subordinate the Adamses' easement to Auer Park's rights, an injury to their legal interest in the easement results. However, the answer to this question is simple: the Adamses waived their appellate rights when they entered into a stipulation binding them to the judgment. A party to a civil case waives the right to appeal if he or she consents or stipulates to the entry of a judgment. *See County of Racine v. Smith*, 122 Wis. 2d 431, 437, 362 N.W.2d 439, 442 (Ct. App. 1984). A party cannot complain about an act to which he or she deliberately consents. *See id.* Because the Adamses stipulated to the judgment and waived their appellate

rights, we conclude that they do not have standing to pursue this appeal.

*By the Court.*—Appeal dismissed.