**2021 WI App 52**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:          2019AP1706

†Petition for Review filed

Complete Title of Case:

**ROBERTS PREMIER DESIGN CORP.,**

      **PLAINTIFF-APPELLANT,†**

    **V.**

**JEFF ADAMS AND KELLY ADAMS,**

      **DEFENDANTS-THIRD-PARTY**
      **PLAINTIFFS-RESPONDENTS,**

    **V.**

**JOHN M. ROBERTS,**

      **THIRD-PARTY DEFENDANT-APPELLANT.†**

| | |
|---|---|
| Opinion Filed: | July 28, 2021 |
| Submitted on Briefs: | September 10, 2020 |

| | |
|---|---|
| JUDGES: | Reilly, P.J., Gundrum and Davis, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the plaintiff-appellant and third-party defendant-appellant, the cause was submitted on the briefs of *Todd A. Terry* of *Guttormsen, Terry & Nudo, LLC*, Kenosha. |

Respondent
ATTORNEYS: On behalf of the defendants-third-party plaintiffs-respondents, the cause was submitted on the brief of *Lisle W. Blackbourn* and *Janel Bergsbaken* of *Godfrey, Leibsle, Blackbourn & Howarth, S.C.*, Elkhorn.

| | |
|---|---|
| **COURT OF APPEALS DECISION DATED AND FILED**<br><br>**July 28, 2021**<br><br>Sheila T. Reiff<br>Clerk of Court of Appeals | **NOTICE**<br><br>This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.<br><br>A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62. |

**Appeal No.   2019AP1706**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CV22

**IN COURT OF APPEALS**

---

ROBERTS PREMIER DESIGN CORP.,

   PLAINTIFF-APPELLANT,

   V.

JEFF ADAMS AND KELLY ADAMS,

   DEFENDANTS-THIRD-PARTY
   PLAINTIFFS-RESPONDENTS,

   V.

JOHN M. ROBERTS,

   THIRD-PARTY DEFENDANT-APPELLANT.

---

        APPEAL from a judgment of the circuit court for Walworth County:
DANIEL STEVEN JOHNSON, Judge.  *Appeal dismissed.*

        Before  Reilly, P.J., Gundrum and Davis, JJ.

¶1      DAVIS, J.      This appeal arises out of a home construction dispute. The contractor, Roberts Premier Design Corp. (Premier Design) sued homeowners Jeff and Kelly Adams for nonpayment.  The Adamses, in turn, counterclaimed against Premier Design and joined its owner, John Roberts, bringing claims for theft by contractor and/or breach of contract.  Shortly before the scheduled trial, Roberts was criminally charged for the same conduct alleged in the Adamses' civil suit. This led to a number of trial court rulings that Premier Design and Roberts (collectively, Appellants) now challenge on appeal.  Before we reach those issues, however, we must address the more fundamental question of whether appeal rights are barred.  That question arises because these issues come to us as an appeal from a stipulated judgment in the amount of $800,000, entered into pursuant to a settlement agreement.

¶2      The Adamses argue that, by stipulating to the judgment from which this appeal is taken, Appellants waived their right to appeal the issues they now raise.  We agree.  The settlement agreement purported, on its face, "to resolve the Lawsuit without the need for further litigation," and it gave no indication that either party was reserving any right to appeal the stipulated judgment.  Such an unqualified expression of intent cannot be considered anything other than a waiver of appeal rights.  Accordingly, we dismiss this appeal.

## BACKGROUND

¶3      Premier Design is a design and construction company; Roberts is its registered agent, president, and sole shareholder.  In August 2014, the Adamses contracted with Premier Design to remodel their home.  Construction began but

2

stalled. In January 2017, Premier Design filed suit for breach of contract,[1] seeking amounts allegedly owed under the contract and two change orders. The Adamses counterclaimed for breach of contract, alleging that Premier Design failed to complete the construction project and failed to perform work in a good and workmanlike manner. In December 2018, the Adamses filed a third-party complaint against Roberts personally, bringing claims for breach of contract and theft by contractor under an alter-ego theory of liability. *See* WIS. STAT. § 779.02(5) (2019-20)[2]; ***Consumer's Co-op of Walworth Cnty. v. Olsen***, 142 Wis. 2d 465, 484-86, 419 N.W.2d 211 (1988).

¶4 Two weeks before trial was set to start, Roberts was charged with criminal theft by contractor, based on the conduct alleged in the Adamses' civil suit. At the trial, and on the claimed advice of criminal counsel, Roberts did not appear. The Adamses argued that Roberts's nonappearance violated a trial subpoena; Roberts's counsel claimed that service of the subpoena was improper. The court determined that Roberts was properly served under WIS. STAT. § 885.03. The court then struck Premier Design's reply to the counterclaim and Roberts's answer to the third-party complaint, and entered default judgments against both appellants. With liability thus established, the court scheduled a trial to determine damages on the Adamses' claims.

¶5 Premier Design's original claim for breach of contract remained for the impending jury trial. Without Roberts, however, Premier Design had no witness to prove its case, particularly on damages. Premier Design's counsel indicated his

---

[1] The operative complaint brings additional claims for unjust enrichment and foreclosure of lien; these were dismissed below and are not the subject of this appeal.

[2] All references to the Wisconsin Statutes are to the 2019-20 version.

intent to establish damages through the Adamses' expert witness report; the court, however, ruled that this report was hearsay, lacked foundation without a witness, and was inadmissible. Left with no evidence, Premier Design stipulated to the dismissal of its claim with prejudice.

¶6    That left the damages trial on the Adamses' claims, which the court had scheduled for a bench trial. In the interim, however, the parties reached a settlement agreement, in which Appellants "stipulate[d] and agree[d] to the immediate entry of a Monetary Judgment against them, jointly and severally, in the amount of $800,000.00." The settlement agreement contains no releases, but it does include the following recital language: "The Parties desire to resolve the Lawsuit without the need for further litigation." "Lawsuit" is a defined term, meaning the circuit court case from which this appeal was taken. Attached to the settlement agreement is a form of final judgment, which expressly incorporated the settlement agreement.

¶7    Judgment was entered in accordance with the settlement agreement, and this appeal followed. We will discuss additional facts below, where relevant to our analysis.

## DISCUSSION

¶8    Appellants raise a number of issues on appeal. At the outset, however, we must address the Adamses' argument that Appellants waived their right to appeal by stipulating to the judgment that ended the litigation (the $800,000 monetary judgment on the Adamses' claims).

¶9    Subsumed within this issue are two separate conceptual points, one jurisdictional, the other a matter of contract law. The jurisdictional question is

whether Appellants, by agreeing to the final judgment from which they appeal, are "aggrieved" by that judgment. *See Buchberger v. Mosser*, 236 Wis. 70, 294 N.W. 492 (1940) ("Where an order is made on stipulation of all the parties to an action, it cannot be appealed because no one is aggrieved."); *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 345, 501 N.W.2d 465 (Ct. App. 1993) ("A person may not appeal from a judgment unless aggrieved by the judgment. A person is aggrieved if the judgment bears directly and injuriously upon his or her interests; the person must be adversely affected in some appreciable manner." (citation omitted)); *Lassa v. Rongstad*, 2006 WI 105, ¶98, 294 Wis. 2d 187, 718 N.W.2d 673 (Butler, J., concurring) (noting that the requirement in the prior statutory scheme that a party be "aggrieved" by a judgment in order to invoke appellate jurisdiction continues in the current statute; the "aggrieved party" requirement "was considered to merely state a fundamental and well-understood concept upon which standing to appeal was predicated").

¶10    As this authority suggests, there are situations, such as where there are no adverse rulings that precipitated entry of the judgment, where a party might not be "aggrieved" by entry of a consent judgment. But that is not the case here. Appellants had been defaulted on the Adamses' claims against them, and Premier Design had lost any ability to pursue its own claim as a result of the trial court's ruling excluding its use of the Adamses' expert report. Appellants meet the requirement that they are aggrieved parties for purposes of appealing those rulings. And although a stipulated judgment certainly precludes appellate review of issues that have not been contested below, we see nothing in the case law that says that a party faced with an adverse dispositive ruling cannot settle any remaining undisputed issues, so as to speedily resolve trial proceedings and narrow the

questions for appeal, provided appeal rights are preserved. *Lassa*, 294 Wis. 2d 187, ¶34 (discussing cases).

¶11    The proviso that appeal rights be preserved goes to the second, and more problematic, conceptual point, that being the agreement the parties reached and whether, by entering into it, they manifested an intent to end any further litigation, including on appeal. If this is what the parties did here, then Appellants—although aggrieved parties—must be deemed to have waived any right to appeal the judgment that resulted from their settlement agreement. To recap, the trial court entered default judgments against both appellants based on Roberts's failure to appear and testify. The court left open the issue of damages, which the parties later resolved through a written settlement agreement permitting entry of a consent judgment. The settlement agreement, which the consent judgment expressly incorporates, holds Premier Design and Roberts jointly and severally liable for $800,000. Neither the settlement agreement nor the consent judgment indicates an intent to preserve appeal rights; to the contrary, the settlement agreement states that it is intended to resolve this case without the need for further litigation. The question now is whether the settlement and consent judgment constitute a waiver of Appellants' right to challenge any of the rulings that led to the stipulated judgment.

¶12    Were this a mere stipulation as to damages, without more, the answer might be no. During the course of litigation, parties routinely stipulate to some issues, leaving others to be litigated, for reasons ranging from wanting to conserve resources to mitigating risk. *See, e.g.*, *Recycleworlds Consulting Corp. v. Wisconsin Bell*, 224 Wis. 2d 586, 603, 592 N.W.2d 637 (Ct. App. 1999) (plaintiff did not waive the right to appeal issues relating to tort claims by stipulating to damages on its contract claims); *Strenke v. Hogner*, 2005 WI 25, ¶¶7-8, 279 Wis. 2d 52, 694 N.W.2d 296 (parties stipulated to liability but disputed damages).

Stipulating to the amount of damages resulting from a contested default falls comfortably within the class of issues that parties may agree to resolve without waiving the right to appeal contested issues. We perceive that this would be true even where the stipulation led to the subsequent final judgment—again, we do not see a *jurisdictional* problem with a stipulated judgment following the litigation of contested issues, nor do we necessarily see a waiver in such a scenario. Indeed, our case law provides that any agreement to waive appeal rights "ought to be clearly established, and not made out by way of inference." ***Dillon v. Dillon***, 244 Wis. 122, 130, 11 N.W.2d 628 (1943). A mere stipulation as to damages, even where it results in a final judgment, does not necessarily operate as a waiver of contested issues resolved prior to the stipulation.

¶13    What distinguishes this case from a mere stipulation is the particular manner in which damages were agreed upon. The parties entered into a four-page written settlement agreement, denominated as such, in which they expressly agreed that judgment could be taken against Appellants in the stipulated amount, without reservation. Crucially, the agreement includes an express recitation that "[t]he Parties desire to resolve the Lawsuit without the need for further litigation." And just as parties routinely can and do stipulate to resolving certain issues while leaving others to be further litigated (and appealed), parties just as routinely settle lawsuits with complete finality, including by consent judgment, leaving open only the issue of collection or execution.

¶14    Where a party enters into a consent judgment, as opposed to a mere stipulation on a particular issue, that party is ordinarily considered to have waived any right to appeal from such judgment. ***Post v. Schwall***, 157 Wis. 2d 652, 657, 460 N.W.2d 794 (Ct. App. 1990) ("One may waive the right to appeal where he has caused or induced a judgment to be entered or has consented or stipulated to the

entry of judgment."); ***Auer Park Corp., Inc. v. Derynda***, 230 Wis. 2d 317, 322, 601 N.W.2d 841 (Ct. App. 1999) ("A party to a civil case waives the right to appeal if he or she consents or stipulates to the entry of a judgment."); 4 AM. JUR. 2D *Appellate Review* § 168 (May 2021) ("A 'consent judgment' is not ordinarily reviewable, because such a judgment is not the judgment of the court, but of the parties, and is in the nature of a contract."); *see generally* E.H. Schopler, Annotation, *Right to Appellate Review of Consent Judgment*, 69 A.L.R.2d 755 (1960).

¶15 To be sure, two relatively recent cases from our supreme court involve judgments entered by consent or stipulation where appeal rights were *not* viewed as having been waived, but if anything, these cases support our conclusion that this consent judgment operates as a waiver. *See* ***Sanders v. Estate of Sanders***, 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806; ***Lassa***, 294 Wis. 2d 187. This is because, in each of these cases, the party wishing to preserve appeal rights expressly did so in the agreement giving rise to the stipulation.

¶16 In ***Sanders***, 310 Wis. 2d 175, ¶11, the parties agreed to dismissal, but their agreement expressly stated that "any appeal rights … are expressly reserved." Our supreme court, in finding no waiver, noted that the "interpretation of a stipulation must, above all, give effect to the intention of the parties." ***Id.***, ¶36 (quoting ***Stone v. Acuity***, 2008 WI 30, ¶67, 308 Wis. 2d 558, 747 N.W.2d 149). In finding the lack of waiver, the court expressly relied on the contractual language preserving appeal rights:

> We are satisfied that Sanders did not waive her right to an appeal by stipulating to the entry of the circuit court's February 10, 2006 order. As we noted in ***Stone***, stipulations must "give effect to the intention of the parties." Here, the stipulation expressly noted that it did "not ... waive any appeal rights that ... Sanders ... may have which are expressly reserved." Accordingly, giving effect to the parties' clear intention, we are satisfied that Sanders did not waive her right to an appeal because of the stipulation.

*Sanders*, 310 Wis. 2d 175, ¶37 (citation omitted).

¶17     The other decision, *Lassa*, 294 Wis. 2d 187, ¶2, was a defamation case in which the defendant was subjected to monetary sanctions for discovery violations.  The parties subsequently settled with an agreement to dismiss the case and entry of a stipulated judgment for the full amount of the sanctions.  *Id.*, ¶¶28-36.  The issue addressed in *Lassa* was the jurisdictional question previously discussed:  whether the defendant had standing, as an "aggrieved" party, to appeal.  *Id.*, ¶28.  The court found that the defendant was aggrieved by the sanctions orders that had been issued prior to the settlement; as a result, the court had jurisdiction to hear the appeal.  *Id.*  The issue of waiver was not before the court, apparently because the parties had expressly preserved appeal rights in the settlement agreement.  *Id.*, ¶26.

¶18     Our supreme court's focus on the parties' intent—and, in particular, the apparent need to expressly preserve appeal rights in a consent judgment in order to avoid waiver—is consistent with the practice of other jurisdictions, including the Seventh Circuit, which have presumptively found waiver of appeal rights by entry of a consent judgment in the absence of language expressly preserving such rights.  *See*, *e.g.*, *Association of Cmty. Orgs. for Reform Now v. Edgar*, 99 F.3d 261, 262 (7th Cir. 1996) ("A party to a consent decree or other judgment entered by consent may not appeal unless it *explicitly* reserves the right to appeal."); *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218 (3d Cir. 2000) ("[W]hen the losing party in a consent judgment makes its intent to appeal clear in its agreement with the opposing party, an appeal from a consent judgment does not undermine the settlement.  Where the terms of a stipulation clearly show that one of the parties has an unequivocal intention to appeal, the court has 'discretion to accept the appeal insofar as it relates to a prior (contested) order notwithstanding the [parties'] later

consent to the entry of the final judgment itself.'" (alteration in original; citation omitted)).

¶19    A presumption of waiver in the absence of an express reservation of appeal rights would, alone, require dismissal of the appeal in this case.  Here, we have not only the absence of any such reservation, but an agreement expressly stating that the parties were seeking to resolve the "Lawsuit"—a defined term to mean the case represented by the trial court case number from which this appeal was taken—"without the need for further litigation."  Any appeal would overturn the stipulated judgment for the very purpose of *perpetuating* "further litigation."

¶20    We cannot ignore this language.  *See Levy v. Levy*, 130 Wis. 2d 523, 388 N.W.2d 170 (1986) ("The recital or whereas clause of a contract may be examined to determine the intention of the parties." (citing *Henry G. Meigs, Inc., v. Empire Petroleum Co.*, 273 F.2d 424, 428 (7th Cir. 1960))).  If the parties intended their settlement as being only a partial resolution of their dispute (i.e., at the trial court level), with all appeal rights retained, they could have so provided.  Instead, they did just the opposite.  They agreed to a settlement that, on its face, reflects an intent to resolve the case with finality.  It should be pointed out, too, that despite the Adamses having prominently relied in their respondents' brief (where the waiver issue was first raised) on the effect of this language, Appellants did not address this point in their reply.  *See Fischer v. Wisconsin Patients Comp. Fund*, 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").

¶21    To the extent this result appears harsh to appellants (in this or future appeals), it should be noted that it would be equally harsh to respondents to allow

10

appeals to proceed on matters that were intended to be resolved by a binding settlement agreement. Here, the Adamses sought damages in an amount considerably greater than the stipulated-to $800,000. The Adamses gave up their right to seek such damages through the settlement agreement and resulting consent judgment. If this bargained-for compromise was intended to conclude any further litigation, including appeal rights, then the Adamses would be deprived of the benefit of that bargain if we permitted the appeal to proceed. *See Edgar*, 99 F.3d at 262 ("The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal."). Appellants, on the other hand, might be getting a windfall in that situation—they would receive the benefit of a reduced judgment while retaining the right to contest their liability for that judgment.

¶22 Of course, the above presupposes that these parties intended the settlement as a final resolution of their dispute. The parties could have agreed to the $800,000 judgment simply in order to reduce the risks they both faced of a different outcome on damages at trial, while leaving liability for further proceedings on appeal. But if that was the intended bargain, neither the settlement agreement nor the consent judgment so indicated through the preservation of appeal rights. In fact, both documents indicate the opposite. In short, the competing equities in cases like this can only be resolved in a manner that best reflects the intent of the parties, through examination of the words they employ. Doing so here leads to the inescapable conclusion that the settlement agreement in this case was intended to do just what it said: provide for a consent judgment to be entered to resolve the parties' dispute without the need for further litigation.

¶23 We conclude that Appellants waived their right to appeal by entering into a consent judgment pursuant to a settlement agreement that contains no

preservation of appeal rights and that expressly recites an intent to resolve the case with finality. Although we decide this case based on the particular facts before us, as guidance to litigants, we encourage parties settling cases through consent judgments to expressly state whether appeal rights are intended to be preserved.[3]

    *By the Court.*—Appeal dismissed.

---

[3] The Adamses additionally argue that Appellants cannot raise any issues on appeal relating to Premier Design's suit against the Adamses, since Premier Design stipulated to the dismissal of that suit. We need not resolve this issue because we dismiss this appeal in its entirety.