COURT OF APPEALS
DECISION
DATED AND FILED

May 31, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2151**

STATE OF WISCONSIN

Cir. Ct. No. 2020FA1052

IN COURT OF APPEALS
DISTRICT IV

---

IN RE THE MARRIAGE OF:

NICOLE LEIGH TUCKER,

PETITIONER-RESPONDENT,

V.

PHILIP CALDWELL TUCKER,

RESPONDENT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dane County: MARIO WHITE, Judge. *Dismissed*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Philip Tucker and Nicole Tucker entered into a final stipulated divorce judgment.[1] That judgment incorporates a financial agreement that "settl[ed] all of the [parties'] respective rights and obligations relevant to this action." The stipulated judgment also adopts by reference an earlier partial summary judgment ruling by the circuit court that awarded Nicole shares in a business that her parents had wholly owned (a ruling that we refer to as "the shares determination"). In this appeal from the final stipulated divorce judgment, Philip challenges the shares determination. We conclude that Philip waived his right to challenge the shares determination on appeal by agreeing in the financial agreement and stipulated judgment to resolve the litigation with finality without expressly preserving his appeal rights. Accordingly, we dismiss Philip's appeal.

## BACKGROUND

¶2 During the divorce proceedings, Philip and Nicole entered into a partial marital settlement agreement regarding legal custody and physical placement of their three minor children (the "custody and placement agreement"), which they agreed would be incorporated into the judgment of divorce. After the parties entered into the custody and placement agreement, Nicole moved for partial summary judgment, arguing that certain assets, including shares in her family's business, as well as the appreciation of those shares, were gifts to her

---

[1] Because the parties share a surname, for clarity, we refer to them by their first names after this point.

from her parents and therefore were not subject to division under WIS. STAT. § 767.61(2) (2021-22).[2] The circuit court granted that motion.[3]

¶3 The day before the scheduled two-day trial, Philip's counsel advised the circuit court that "[t]he parties ha[d] come to an agreement on all issues," and the parties submitted a Partial Marital Settlement Agreement Regarding Finances (the "financial agreement"). The court held a stipulated divorce hearing, at which the court issued Findings of Fact, Conclusions of Law, and Judgment of Divorce ("the stipulated judgment"), drafted by Philip's trial counsel, which incorporated the custody and placement agreement and the financial agreement. The stipulated judgment also "adopted by reference" the summary judgment order regarding the shares determination that awarded the shares to Nicole.

¶4 Philip, represented by new counsel, appeals.

## DISCUSSION

¶5 On appeal, Philip argues that the circuit court erred in awarding the shares to Nicole and that the shares should, instead, be subject to division. Nicole argues, among other things, that Philip has waived his right to appeal the shares determination because the financial agreement and stipulated judgment settled all

---

[2] For ease of reference, and because the distinction does not bear on our analysis, we collectively refer to the shares and to their appreciation as simply "the shares."

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] Nicole also argued in her motion for partial summary judgment that her interests in two Limited Liability Companies (LLCs) were not subject to division, and the circuit court agreed, based on Philip's failure to argue otherwise. Nicole's interests in those LLCs are not at issue in this appeal.

financial disputes between them. We agree, and conclude that Philip waived his appeal rights because the financial agreement and stipulated judgment reflect an intent to resolve the litigation with finality, and Philip did not expressly preserve the right to appeal.

¶6 "A stipulation incorporated into a divorce judgment is in the nature of a contract." *Rosplock v. Rosplock*, 217 Wis. 2d 22, 30, 577 N.W.2d 32 (Ct. App. 1998); s*ee also* **Stone v. Acuity**, 2008 WI 30, ¶67, 308 Wis. 2d 558, 747 N.W.2d 149 ("[P]rinciples of contract law apply in interpreting stipulations."). When interpreting a stipulation, we "'must, above all, give effect to the intention of the parties.'" *Stone*, 308 Wis. 2d 558, ¶67 (quoting **Pierce v. Physicians Ins. Co. of Wis.**, 2005 WI 14, ¶31, 278 Wis. 2d 82, 692 N.W.2d 558). We do so by giving the terms of the stipulation their plain or ordinary meanings, *Stone*, 308 Wis. 2d 558, ¶67, and by construing particular provisions by reference to the stipulation as a whole, **MS Real Estate Holdings, LLC v. Donald P. Fox Family Trust**, 2015 WI 49, ¶38, 362 Wis. 2d 258, 864 N.W.2d 83. A waiver of the right to appeal "'ought to be clearly established, and not made out by way of inference.'" **Roberts Premier Design Corp. v. Adams**, 2021 WI App 52, ¶12, 399 Wis. 2d 151, 963 N.W.2d 796 (quoted source omitted).

¶7 A party waives the right to appeal when, without expressly preserving that right, the party consents to the entry of a judgment pursuant to a settlement agreement that reflects an intent to resolve litigation with finality. *Id.*, ¶¶2, 23. In *Roberts*, the parties stipulated to a judgment that was entered pursuant to a settlement agreement. The settlement agreement stated, "The Parties desire to resolve the Lawsuit without the need for further litigation," and it defined "Lawsuit" to mean, as summarized by the *Roberts* court, "the circuit court case

from which the appeal was taken." ***Id.***, ¶¶2, 6. The appellants did not expressly preserve the right to appeal. ***Id.***, ¶19. We concluded that, because the settlement agreement stated that the parties desired to resolve the litigation with finality, and because the appellants did not expressly preserve the right to appeal, the appellants had waived that right. ***Id.***, ¶¶2, 19-20, 23. Accordingly, we dismissed the appeal, reasoning:

> The settlement agreement purported, on its face, "to resolve the Lawsuit without the need for further litigation," and it gave no indication that either party was reserving any right to appeal the stipulated judgment. Such an unqualified expression of intent cannot be considered anything other than a waiver of appeal rights.

***Id.***, ¶2; *see also **id.***, ¶20 ("If the parties intended their settlement as being only a partial resolution of the dispute (i.e., at the trial court level), with all appeal rights retained, they could have so provided. Instead, they did just the opposite. They agreed to a settlement that, on its face, reflects an intent to resolve the case with finality.").

¶8 As we now explain, a straightforward application of ***Roberts*** compels the conclusion that Philip waived his right to appeal: the financial agreement and stipulated judgment reflect a clear intent to resolve the litigation with finality, and Philip did not expressly preserve his right to appeal.

### *The financial agreement and stipulated judgment reflect a clear intent to resolve the divorce litigation with finality.*

¶9 As stated, the stipulated judgment incorporates the financial agreement. The financial agreement states that "an action for divorce is pending in the" circuit court, and that "the parties have come to an agreement settling all of their respective rights and obligations relevant to this action." It also states that

5

the property division outlined in the financial agreement is "full, final, [and] complete," that "each party shall be divested of and each party waives all right, title, and interest in and to the property awarded to the other," and that "[n]either party may … sue the other … for the purpose of enforcing the rights relinquished under this Agreement." Further, the stipulated judgment states that the financial agreement "fully disposes of all the property which exists as between the parties." We conclude that this language, and particularly the language stating that "the parties have come to an agreement settling all of their respective rights and obligations relevant to this action," is analogous to the language in **Roberts** and "reflects an intent to resolve the case with finality." *Id.*, ¶20. Philip's arguments to the contrary are unpersuasive.

¶10 Philip argues that the language in the financial agreement stating that "the parties have come to an agreement settling all of their respective rights and obligations relevant to this action" is "inapplicable" because the parties entered into the financial agreement after the circuit court made the shares determination through its summary judgment ruling. To the extent that Philip means to argue that this language reflects an intent to settle only those issues that had not yet been determined when the parties entered into the financial agreement, we reject this argument.[4] The financial agreement, incorporated into the stipulated judgment, reflects an intent to settle "*all* of [the parties'] respective rights and obligations relevant to this action." (Emphasis added.) Philip's reading, under which the financial agreement would resolve only *some* of the parties' rights and obligations

---

[4] Philip's argument is unclear, but to the extent that Philip means to advance a different argument, we reject it as undeveloped. *See* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating that we need not consider undeveloped arguments).

relevant to the action, is inconsistent with this language. Moreover, Philip's reading, which would leave the shares determination open to further litigation, is inconsistent with language elsewhere in the financial agreement and the stipulated judgment, quoted above, that reflects an intent to resolve with finality all of the issues pertaining to the parties' property division. These issues resolved by the parties explicitly include the prior shares determination, as reflected in the summary judgment order that was adopted by reference into the final judgment.

¶11 Regarding the language in the financial agreement stating that "each party shall be divested of and each party waives all right, title, and interest in and to the property awarded to the other," Philip argues that this language "extends solely to property divested/awarded by the [financial agreement's] terms." Philip also argues that the financial agreement's property division, which is described as "full, final, [and] complete," is limited to the marital estate. We discern no support in the text of the financial agreement for Philip's limited reading of the language quoted above. In fact, interpreting this language as applying to *all* of the property awarded in the action, and not just the marital estate, is consistent with the language in the financial agreement stating that the financial agreement was intended to "settl[e] *all of [the parties'] respective rights and obligations relevant to this action*." (Emphasis added.) This interpretation is also consistent with the language in the stipulated judgment stating that the financial agreement "fully disposes of all the property which exists as between the parties." As to this last quoted phrase, Philip argues that this language refers only to property comprising the marital estate. As support, he points out that, in the same sentence, the stipulated judgment describes the financial agreement as "concerning [the] division of [the parties'] marital estate." In fact, the stipulated judgment describes the financial agreement as "concerning [the] division of [the parties'] marital

estate *and other financial issues*," before then stating that the financial agreement "fully disposes of all the property which exists as between the parties." (Emphasis added.) As stated, the stipulated judgment also explicitly adopts by reference the summary judgment order reflecting the shares determination. The financial agreement and stipulated judgment thus resolve the division of all of the parties' property—not just their marital estate—with finality.

### *Philip did not expressly preserve the right to appeal.*

¶12    In ***Roberts***, we explained that when "a party enters into a consent judgment, as opposed to a mere stipulation on a particular issue, that party is ordinarily considered to have waived any right to appeal from such judgment."[5] ***Id.***, ¶14; *see also **Post v. Schwall***, 157 Wis. 2d 652, 657, 460 N.W.2d 794 (Ct. App. 1990) ("One may waive the right to appeal where [the party] has caused or induced a judgment to be entered or has consented or stipulated to the entry of a judgment."); ***Auer Park Corp. v. Derynda***, 230 Wis. 2d 317, 322, 601 N.W.2d 841 (Ct. App. 1999) ("A party to a civil case waives the right to appeal if he or she consents or stipulates to the entry of a judgment."); ***Racine Cnty. v. Smith***, 122 Wis. 2d 431, 437, 362 N.W.2d 439 (Ct. App. 1984) ("It is accepted that one may waive the right to appeal in civil cases where [the party] has caused or induced a judgment to be entered or has consented or stipulated to the entry of a judgment."); ***Agnew v. Baldwin***, 136 Wis. 263, 267, 116 N.W. 641 (1908) ("A party cannot voluntarily stipulate that a certain judgment be entered and then

---

[5] A "consent judgment" (or "stipulated judgment") is "[a] settlement that becomes a court judgment when the judge sanctions it." *Judgment*, BLACK'S LAW DICTIONARY (11th ed. 2019). "In effect, a consent judgment is merely a contract acknowledged in open court and ordered to be recorded, but it binds the parties as fully as other judgments." ***Id.***

appeal from it after its entry. [A party] cannot be heard to complain of an act to which [the party] deliberately consents.").

¶13 However, in *Roberts* we further explained that the right to appeal may be preserved. We cited two decisions in which our supreme court concluded that appeal rights were not waived because the respective consent judgments at issue preserved the appellants' right to appeal. *Roberts*, 399 Wis. 2d 151, ¶¶15-17 (discussing *Sanders v. Estate of David R. Sanders*, 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806, and *Lassa v. Rongstad*, 2006 WI 105, 294 Wis. 2d 187, 718 N.W.2d 673). For example, in *Sanders*, after the parties reached a settlement agreement, they filed a stipulation and order of dismissal, which stated, "This Order does not … waive any appeal rights that [the parties] may have which are expressly reserved." *Sanders*, 2008 WI 63, ¶¶10-11, 310 Wis. 2d 175, 750 N.W.2d 806. On appeal, the respondent argued "that the general rule is that a party lacks standing to appeal from a judgment or an order to which he or she consented." *Id.*, ¶34. However, our supreme court concluded that "because of the stipulation," and "giving effect to the parties' clear intention," the appellant had not waived the right to appeal. *Id.*, ¶¶36, 37.

¶14 Based on these precedents, in *Roberts* we noted "the apparent need to expressly preserve appeal rights in a consent judgment in order to avoid waiver," which we explained was "consistent with the practice of other jurisdictions, including the Seventh Circuit, which have presumptively found waiver of appeal rights by entry of a consent judgment in the absence of language expressly preserving such rights." *Roberts*, 399 Wis. 2d 151, ¶18.

¶15 Here, Philip, like the appellants in *Roberts*, did not preserve the right to appeal. Because the financial agreement and stipulated judgment reflect an

intent to resolve the parties' divorce litigation with finality and Philip did not expressly preserve his right to appeal, Philip waived that right and cannot now challenge the shares determination on appeal.[6]

¶16    Seeking to distinguish **Roberts**, Philip argues that "a divorce judgment that incorporates a prior partial summary judgment ruling is not the kind of 'consent judgment' at issue" in **Roberts**.  However, Philip does not otherwise develop this argument and we therefore need not consider it.  *See Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).  Further, we see no reason to distinguish **Roberts** on this basis.  As previously noted, the appeal in **Roberts** was from a stipulated judgment that the parties entered into pursuant to a settlement agreement that reflected an intent to resolve the litigation with finality.  **Roberts**, 399 Wis. 2d 151, ¶¶6, 7.  In **Roberts**, we referred to the judgment alternatively as a "stipulated judgment," *id.*, ¶¶1, 2, and as a "consent judgment," *id.*, ¶¶11, 21-23, and we discussed case law addressing "judgments entered by consent or stipulation," *id.*, ¶15.  Additionally, the parties in **Roberts** consented to the settlement agreement and consequent entry of judgment after the circuit court made rulings adverse to the appellants, and as a result, we framed the issue as being "whether the settlement and consent judgment constitute a waiver of Appellants' right to challenge *any of the rulings that led to the stipulated judgment*."  *Id.*, ¶¶1, 11 (emphasis added).  We concluded that they did constitute a waiver.  *Id.*, ¶¶12-20.

---

[6] Philip does not argue that he agreed to the entry of the stipulated judgment based on fraud, mistake, or misrepresentation.  *See Burmeister v. Vondrachek*, 86 Wis. 2d 650, 664, 273 N.W.2d 242 (1979) ("Relief from a stipulation may be granted where the moving party shows that the stipulation was agreed to because of fraud, mistake or misrepresentation ….").

¶17   Likewise, here, after the circuit court made the shares determination, the parties entered into the financial agreement that reflects an intent to resolve the litigation with finality, and the parties consequently consented to the entry of a judgment, which incorporates both the financial agreement and the shares determination, and which does not expressly preserve Philip's right to appeal. We discern no reason that the outcome here should be different than that in **Roberts**.

¶18   Philip further argues that none of the language discussed above "clearly establish[es]" that he waived his appeal rights, as required by case law. *See* **id.**, ¶12. As part of this argument, Philip points out that the financial agreement does not explicitly mention the right to appeal or a waiver of that right, and that the stipulated judgment references the word "appeal" only to convey that the judgment was a final order for purposes of appeal. We conclude that the same language that reflects an intent to resolve with finality the divorce litigation and the parties' division of property also clearly establishes that Philip waived his right to appeal the shares determination. For example, the language stating that the parties intended to "settl[e] all of their respective rights and obligations relevant to this action" clearly establishes that Philip waived his right to appeal the shares determination. The financial agreement incorporated into the final stipulation would not "settl[e] all of [the parties'] respective rights and obligations relevant to this action," if either party could attempt to upset it in an appeal.

¶19   To the extent that Philip means to argue that a waiver of appeal rights must be stated using particular language, we reject the argument. Such a requirement would be inconsistent with our analysis in **Roberts**, in which we concluded that there was a waiver of the right to appeal based on language in the settlement agreement that stated, "The Parties desire to resolve the Lawsuit without the need for further litigation." **Id.**, ¶6. This language does not include

11

any of the particular words that Philip argues are missing here, such as "appeal" or "waiver," but we nonetheless concluded that it clearly "reflect[ed] an intent to resolve the case with finality." *Id.*, ¶20.

¶20     We note that our result in this case comports with other important considerations set forth in *Roberts*. In *Roberts*, we observed that the damages amount originally sought by the respondents was "considerably greater" than the damages to which the parties stipulated, and that the respondents "gave up their right to seek [additional] damages through the settlement agreement and resulting consent judgment." *Id.*, ¶21. We reasoned, "If this bargained-for compromise was intended to conclude any further litigation, including appeal rights, then the [respondents] would be deprived of the benefit of that bargain if we permitted the appeal to proceed." *Id.* Here, the financial agreement that was incorporated into the stipulated judgment acknowledges that "[i]n some instances, the [financial agreement] represents a compromise of disputed issues" but that "both parties believe all of the terms and conditions are fair and reasonable under the circumstances," and that the financial agreement "is intended to be and is the complete agreement of the parties." Nicole now argues that she would not have agreed to the financial agreement and stipulated judgment unless "the agreements were full and final." To allow Philip to appeal the shares determination judgment would undermine the parties' agreement and deprive Nicole of the benefits for which she bargained.[7]

_____

[7] We briefly address other arguments that Philip raises but does not develop. Philip asserts that "[a] partial stipulation does not, by itself, waive the right to appeal." However, Philip does not explain how the stipulated judgment could be construed to be a partial stipulation. Although we thus need not address this argument, *see Pettit*, 171 Wis. 2d at 646, we reiterate the language in the stipulated judgment stating that the financial agreement "fully disposes of the property which exists between the parties" and the language in the financial agreement stating

(continued)

¶21     Nicole has moved for attorney fees and costs pursuant to WIS. STAT. RULE 809.25(3) on grounds that the appeal is frivolous. We deny that motion because, although Philip's arguments regarding whether he waived the right to appeal do not ultimately prevail, we cannot conclude that the appeal is "without any reasonable basis in law or equity." RULE 809.25(3)2.

## CONCLUSION

¶22     For the reasons stated, we conclude that Philip waived his right to challenge the shares determination on appeal and accordingly we dismiss the appeal. We also deny Nicole's motion for fees and costs on appeal.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

that the parties intended to "settl[e] all of their respective rights and obligations relevant to this action." This language, and other similar language previously quoted, shows that the stipulation was not partial. *See **Roberts Premier Design Corp. v. Adams***, 2021 WI App 52, ¶13, 399 Wis. 2d 151, 963 N.W.2d 796 ("[J]ust as parties routinely can and do stipulate to resolving certain issues while leaving others to be further litigated (and appealed), parties just as routinely settle lawsuits with complete finality, including by consent judgment ….").

Philip also may intend to advance an argument based on a paragraph in the stipulated judgment that describes the circuit court's shares determination. Regarding this paragraph, Philip asserts: "Nothing suggests Philip's ratification. If the [financial agreement] had settled Philip's claim to [the shares], this paragraph would be superfluous, as the settlement would have superceded it." Because this assertion is not developed or supported by authority, we reject whatever argument is intended. *Pettit*, 171 Wis. 2d at 646.

13